## BEASLEY v PRESTI

Ohio Appeals, 8th Dist, Cuyahoga Co No. 10483. Decided January 20, 1930

Mr. Harry C. Gahn, Cleveland, for Beasley.

Messrs. Nicola & Horn, Cleveland, for Presti.

**VICKERY, P. J.**

Now the record in this case shows that plaintiff, as already stated, had lived in this suite for a period of two years, and knew there was no handrail on either side of the stairway when she started to go down the stairs. From her own testimony she turned her ankle and fell. For the turning of her ankle she does not blame anybody and by that falling down the stairway she tumbled over and over and over until she got to the bottom and she claims that the negligence of defendant below, the defendant in error here, in not having provided handrails was the cause of her falling to the bottom of the stairs.

The court heard this case and all the evidence on both sides and then made a general finding and there was no request for a finding of fact or special findings of any kind, and so it amounts to a general verdict. Of course, the court did use in his decision words which would indicate that she assumed the risk and that seems to be the point which counsel for plaintiff in error urges upon this court but, as already stated, it was a general finding.

Assuming that the ordinance required handrails to be placed along the side of this stairway, and assuming that such a railing was not there and that plaintiff in going down the stairway suffered an injury by reason of falling down the stairway, in order to hold the owner of the property responsible, the absence of the handrail must have been the proximate cause of the injury. It must not only have been absent but its absence must have caused the injury. In other words, it must have been the proximate cause and the proxi-

mate cause is that cause but for which there would not have been any injury.

Now in the instant case, it is admitted by plaintiff that she turned her ankle and fell down on the stairs and she wants one to assume that she might have caught the handrail; but I judge from the way she fell down the stairs, as described by counsel, it would have been impossible for her to grab the rail. In any event the proximate cause of her **falling** was not the absence of the handrail but the fact that she had twisted her ankle on the stairway and then fell or "skidded" down to the bottom of the stairway.

Now she might have caught the handrail had there been one there; and again she might not have caught it. It is a mere speculation at best. The court could well find that the handrail or the absence of the rail had nothing to do with this injury; and while he put it on the ground of an assumption of risk, it does not make any material difference. If his judgment is right on any basis, it should not be reversed.

We think the court from this record reached the right conclusion that the proximate cause of this injury was not the absence of the handrail but on the contrary that the proximate cause was the falling of this woman on the stairway by twisting her ankle.

There being no error in the case that would warrant us in disturbing the judgment of the municipal court, the same is affirmed.

Levine, J., concurs. Sullivan, J., not participating.