# HULDA C. LINCOLN v. CAMBRIDGE-RADISSON COMPANY.[1]

August 3, 1951.

No. 35,467.

*Mahoney, Morrison & Cragg,* for appellant.
*Johnson & Ildstad,* for respondent.

CHRISTIANSON, JUSTICE.

Action for damages for injuries suffered by plaintiff in a fall from a step leading from defendant's fountain lunchroom. After de-

[1]Reported in 49 N. W. (2d) 1.

fendant's motion for a directed verdict had been denied, the jury returned a verdict for plaintiff. Defendant appeals from the judgment entered after denial of its motion for judgment notwithstanding the verdict.

At the time of the accident, defendant, the operator of the Radisson Hotel in Minneapolis, Minnesota, maintained and operated a fountain lunchroom off the main lobby of the hotel. The lunchroom was located on a raised platform in the southwest corner of the lobby and was partially separated from the lobby by a wall and a low row of tiered boxes in which decorative foliage was planted. In the center of the raised area was a horseshoe-shaped counter with 26 stools around its perimeter for the use of patrons. The closed end of the horseshoe was near the lobby edge of the platform, and the open end adjoined a kitchen and service area. The floor of the lunchroom was surfaced with a composition covering different in color from that of the lobby floor.

The only entrance to the lunchroom from the main lobby was a space about three and one-half feet wide located near one corner of the raised platform. At this entry was a six-inch step constructed of metal and glass. Both the riser and top of the step were illuminated by built-in lights. Forming a right angle with the right side of the step was a cashier's stand about four feet high, on which was a cash register. The front of the stand faced into the lunchroom, and its base rested upon the lobby floor flush against the edge of the platform. Customers leaving the lunchroom could pay their bills either in front of the stand on the raised area, or could step down to the level of the lobby floor and pay at the side of the stand. At the left side of the step was a warning sign on a pedestal with the words "Step Up" on one side and "Step Down" on the other. The sign was facing so that the written portion was parallel with the length of the step and perpendicular to the front of the stand.

On August 5, 1946, plaintiff, a housewife, then 54 years of age, went to defendant's fountain lunchroom to visit her daughter, who was employed there as a waitress. It was her first visit to the Radisson Hotel or to the lunchroom. She entered through the main

lobby, stepped up onto the raised platform, turned to her left, and seated herself on the next to the last stool from the open end of the counter on the side nearest the hotel lobby. Seated in that location, she was not in a position to see the entrance step near the cashier's stand, which was approximately 15 feet to her right. She purchased a small order and ate it while visiting with her daughter.

. After completing her snack and receiving her check, plaintiff walked back along the narrow passage between the stools and the wall to the cashier's stand, which faced directly toward her. She testified that, intent on paying her check, she looked toward the cashier's stand and the cash register and did not look down at the floor. No one was walking in front of her at the time. As she approached the stand, an abutment in the wall to her right and the decorative plants in the low boxes obstructed her view of the entrance step. She had her hand extended to pay her check when she was caught unawares by the step and fell to the lobby floor directly below it. As a result of the fall she sustained a broken hip, which required hospitalization and resulted in a permanent shortening of her left leg.

. On appeal, defendant contends that the trial court erred in denying its motions for a directed verdict and for judgment notwithstanding the verdict. It urges that plaintiff failed to prove any actionable negligence on defendant's part, and that, in any event, having seen the step to the raised platform as she entered the lunchroom, plaintiff either assumed the risk of any hazard therefrom or was contributorily negligent as a matter of law.

The rule that must govern us in considering this appeal has been stated fully in Johnson v. Evanski, 221 Minn. 323, 327, 22 N. W. (2d) 213, 215:

"Taking, as we must, the view of the evidence most favorable to the verdict, a motion for judgment notwithstanding, whether based on negligence or on contributory negligence, should be denied unless the evidence in support of the verdict, and all reasonable inferences to be drawn therefrom, be so wholly incredible and unworthy of belief or so conclusively overcome by other uncontradicted evidence

that the want of negligence or the presence of contributory negligence is so clear as to leave no room for an honest difference of opinion among reasonable men."

■ It is undisputed that plaintiff was an invitee on defendant's premises, and that, for the purpose of this case, defendant, an innkeeper or hotelkeeper, must be considered in the same position as a shopkeeper. The legal obligation of a shopkeeper to keep and maintain his premises in reasonably safe condition for the use of all persons expressly or impliedly invited to enter is settled beyond doubt.[2] Thus our sole inquiry is limited to whether the evidence requires that the jury's verdict be set aside.

■ In defendant's favor, the evidence disclosed that the lunchroom was well lighted, that a warning sign was placed at the side of the step, and that the step itself was illuminated by built-in lights. Also, plaintiff admits that she noticed the step when she entered the lunchroom.

On the other hand, there are several other circumstances that could have been considered by the jury. The cashier's stand, to which a patron was obliged to go to pay his bill, was at the very edge of the step. It does not seem unreasonable to expect that the attention of a person intent upon paying his bill would be distracted by and concentrated on the cashier and the cash register rather than on the floor. There was testimony by defendant's chief engineer that, because of its position, the sign warning of the change in floor levels could not be read by one approaching from where plaintiff was seated until that person was near the sign, and then only if he chanced to glance to the right. The view of the steps available to one approaching the cashier's stand from where plaintiff was seated was obstructed by an abutment in the wall and by the plants in the boxes bordering part of the passageway. Despite the general good lighting in the lunchroom, the step itself was described by one witness as "not too well," illuminated, "very dim," "blended in,"

[2]*E. g.,* Ober v. The Golden Rule, 146 Minn. 347, 178 N. W. 586; Albachten v. The Golden Rule, 135 Minn. 381, 160 N. W. 1012; Schrader v. Kriesel, 232 Minn. 238, 45 N. W. (2d) 395.

and as one that would not attract attention because of the brilliant lighting overhead.

Under this state of the evidence, it was for the jury to decide whether under all the circumstances the manner in which the step was maintained was a negligent violation of defendant's duty to keep the premises reasonably safe. Since there is evidence to support its decision, the verdict must stand.[3]

Similarly, under the evidence presented, the jury could find that plaintiff, her attention distracted by the cashier and the cash register and without adequate warning of the change in floor levels, was exercising due care under the circumstances when the accident occurred.

■ The mere fact that plaintiff observed the step upon entering the raised platform is not conclusive on the issue of assumption of risk. This doctrine requires an appreciation of the danger and acquiescence in it.[4] At most, the question was one of fact for the jury. Accordingly, there was no error in denying defendant's motions for a directed verdict and for judgment notwithstanding the verdict, and the judgment must be affirmed.

Affirmed.

---

[3]Defendant cites the following cases holding that the mere presence of a step, standing alone, is not a sufficient basis upon which to predicate negligence. Albachten v. The Golden Rule, 135 Minn. 381, 160 N. W. 1012; Dickson v. Emporium Merc. Co. Inc. 193 Minn. 629, 259 N. W. 375; Anderson v. Sears, Roebuck & Co. 223 Minn. 1, 26 N. W. (2d) 355. The above-described circumstances surrounding this accident render these cases clearly not in point. Johnson v. Evanski, 221 Minn. 323, 22 N. W. (2d) 213.

[4]Schrader v. Kriesel, 232 Minn. 238, 45 N. W. (2d) 395.