HAZEL ATHERTON, appellant, v. HOENIG'S GROCERY et al., appellees.

No. 49291.

(Reported in 86 N.W.2d 252)

Joseph L. Phelan, of Fort Madison, for appellant.

Boyd, Walker, Huiskamp & Concannon, of Keokuk, for appellees.

THOMPSON, J.—Plaintiff's petition alleged that on October 25, 1954, she fell on a defective threshold of the doorway of the

building housing defendant's place of business in Fort Madison, and in so doing was injured through suffering a fracture of her right arm. Trial resulted in a jury verdict in her favor for $3000. The trial court gave her the option of remitting $1000 or taking a new trial. She declined to remit and appeals to this court from the ruling.

I.  Both at the close of plaintiff's case and at the close of all the evidence the defendants moved for a peremptory verdict in their favor. The only ground of these motions which we find it necessary to consider is this: "5. That the plaintiff has wholly failed by a preponderance of the evidence to prove any negligence of these defendants as a matter of law."

The trial court denied the motions to direct. However, for other reasons not important here, upon defendants' motion for new trial it gave plaintiff the choice above set forth, with the result related. Upon appeal, the defendants urge as their first ground for affirmance that their motion for a directed verdict should have been sustained, and so any error in granting the motion for new trial was without prejudice to the plaintiff. That they are entitled to raise this point, without appealing from the ruling denying their motion for a peremptory verdict, is well settled. Shaw v. Addison, 236 Iowa 720, 726, 18 N.W.2d 796, 803; Lawrence v. Tschirgi, 244 Iowa 386, 388, 57 N.W.2d 46, 47; Humphrey v. City of Des Moines, 236 Iowa 800, 803, 20 N.W.2d 25, 26; Neyens v. Gehl, 235 Iowa 115, 15 N.W.2d 888, 889; Mc-Cuddin v. Dickinson, 230 Iowa 1141, 1143, 300 N.W. 308, 309; Thompson v. Butler, 223 Iowa 1085, 1092, 274 N.W. 110, 113.

II.  We turn then to the question raised by paragraph 5 of the motion to direct set out above. If this ground of the motion was well taken, as we are constrained to conclude it was, the defendants were entitled to a directed verdict and no prejudice to the plaintiff resulted from the grant of the motion for new trial. At this point some further consideration of the record is essential.

The plaintiff had visited defendant's store for the purpose of making a purchase, and was injured as she was leaving the premises. That a customer who comes to a place of business for the purpose of buying some of the goods offered for sale there is an invitee is not open to question. The plaintiff was impliedly

invited to enter defendant's store. Nor can it be doubted that the duty owed to such invitees by the inviter of keeping the premises in a reasonably safe condition extends to the means of ingress and egress. 65 C. J. S., Negligence, section 48b, page 538.

In response to interrogatories propounded by the defendants, the plaintiff answered that she had previously been in the store approximately twenty-five times, and that she had noticed the condition of the alleged defective threshold upon previous occasions. The evidence was that the step at the entrance was badly worn down and this condition caused plaintiff to fall, with the resulting injuries. Upon direct examination she testified that she had been going to the store for "six months or a year or maybe several years" prior to the time of the accident. She further said:

"I was careful because the sill—that worn place—that next step was so far down you would have to be careful because it was really a deep step there—deeper than the average step." Upon cross-examination the extent of her knowledge of the defect was further made clear by this testimony: "The condition of the threshold and the step has always been badly worn. I was always careful. It was just a bad step and I would have to be careful, the step always looked treacherous and I was always careful. I would say that it looked each and every time I would go in and out that it was a bad step." Again, likewise on cross-examination, she said: "I was always careful to watch that concrete step because, as I say, it was so far from that worn place, you almost had to take precaution in finding your footing because it was so deep there. * * * It has always been badly worn. * * * Well, it always looked treacherous; I will be truthful about that. * * * I would say that it looked each and every time I would go in and out like it was a bad step."

III. The plaintiff's knowledge of the prevailing condition and of the defect which she claims caused her injury cannot be doubted, in view of her answers to the interrogatories and her testimony. The burden was upon the defendants to show her knowledge of these things, and ordinarily it cannot be said as a matter of law that the one who carries the burden of proof has done so. But here we have the plaintiff herself testifying in open

court without contradiction to the very fact which the defendants were required to establish to bring themselves within the rule which we shall later discuss. We must consider plaintiff's knowledge of the existing defect as settled.

■ IV. We quote from 65 C. J. S., Negligence, section 50, pages 541, 542: "The duty to keep premises safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee, and would not be observed by him in the exercise of ordinary care. The invitee assumes all normal, obvious, or ordinary risks attendant on the use of the premises, and the owner or occupant is under no duty to reconstruct or alter the premises so as to obviate known and obvious dangers."

The same rule, in effect, is stated in 38 Am. Jur., Negligence, section 97, pages 757, 758, in these words:

■ "The liability of an owner or occupant to an invitee for negligence in failing to render the premises reasonably safe for the invitee, or in failing to warn him of dangers thereon, must be predicated upon a superior knowledge concerning the dangers of the premises to persons going thereon. * * *

"There is no liability for injuries from dangers that are obvious, reasonably apparent, or as well known to the person injured as they are to the owner or occupant."

We have quoted from or cited with approval the rule laid down in 38 Am. Jur., supra, in Reuter v. Iowa Trust & Savings Bank, 244 Iowa 939, 942, 57 N.W.2d 225, 227; Webber v. E. K. Larimer Hardware Co., 234 Iowa 1381, 1384, 15 N.W.2d 286, 288; Parsons v. H. L. Green Co., 233 Iowa 648, 652, 10 N.W.2d 40, 42; and in Stafford v. Gowing, 236 Iowa 171, 177, 18 N.W. 2d 156, 158, we said: "Plaintiff was an invitee upon defendant's premises. It was defendant's duty to use ordinary care to warn plaintiff of any danger of which defendant knew and of which plaintiff was not aware." See also Hicks v. Goodman, 248 Iowa 1184, 1190, 85 N.W.2d 6, 9.

Restatement, Torts, Volume 2, section 343, says: "A possessor of land is subject to liability for bodily harm caused to business visitors by a natural or artificial condition thereon if, but only

if, he (a) knows, or by the exercise of reasonable care could discover the condition which, if known to him, he should realize as involving an unreasonable risk to them, and (b) has no reason to believe that they will discover the condition or realize the risk involved therein, * * *."

It must be kept in mind that we are discussing the question of the negligence of the defendants rather than contributory negligence of, or assumption of risk by, the plaintiff. This distinction is often not made, and has resulted in considerable confusion in the cases. Thus, the defendants here cite Boles v. Hotel Maytag Co., 218 Iowa 306, 253 N.W. 515; Parrack v. McGaffey, 217 Iowa 368, 251 N.W. 871; Gowing v. Henry Field Co., 225 Iowa 729, 281 N.W. 281; and Lincoln v. Cambridge-Radisson Co., 235 Minn. 20, 49 N.W.2d 1, all of which turn upon issues of contributory negligence or assumption of risk, or, as in the Gowing v. Henry Field Company case, upon both. They are not in point.

▮ If we were considering this case solely from the standpoint of plaintiff's contributory negligence we would be forced to say that it was properly submitted to the jury. One who uses a walk or way which he knows is defective and dangerous is not contributorily negligent as a matter of law if he believes and has a right to believe, as a reasonably prudent person, that by the exercise of ordinary care the passage over the danger may be made in safety. Beach v. City of Des Moines, 238 Iowa 312, 325, 26 N.W.2d 81, 93, and cases cited.

▮ But we are not here concerned with contributory negligence or assumption of risk; rather with the primary negligence of the defendants. The possessor of real estate is not an insurer of the safety of those who come upon his premises by invitation, express or implied. Negligence is predicated upon an unperformed duty. The duty owed by the inviter is to those, and to those only, who do not know, or, in the exercise of reasonable care for their own safety, have no reasonable means of knowing, of defects or dangers. He may avoid liability in two ways: by making and keeping his lands safe or by warning of the dangers. Obviously, actual knowledge of defects and dangers is equivalent to, perhaps better than, a warning.

The Virginia Supreme Court has well put the rule in these words: "The duty to warn, however, exists only with respect to

latent dangers, not to those which are or ought to be obvious to the invitee. To sustain a charge of negligence the unsafe condition relied on must be one of which the owner knew or should have known, and the invitee did not know and could not reasonably have discovered." Trimyer v. Norfolk Tallow Co., 192 Va. 776, 781, 66 S.E.2d 441, 444.

The number of cases in which the rule that liability of the *inviter* depends upon his superior knowledge of the danger has been expressed are legion. Care must be taken to eliminate those which, while perhaps citing the rule, actually turn upon contributory negligence or assumption of risk. There are many of these. But the number of authorities which are true exponents of the principle is considerable. Yaniger v. Calvert Building & Construction Co., 183 Md. 285, 289, 37 A.2d 263, 265 ("* * * it is to be noted that the comparative knowledge of the parties is the test of liability * * *."); Zuercher v. Northern Jobbing Co., 243 Minn. 166, 171, 66 N.W.2d 892, 897 ("* * * there is no duty to warn a business visitor or an invitee against dangers which are known to the latter or which ought to be known and obvious to any person in the exercise of reasonable care."); Pauly v. King, 44 Cal.2d 649, 284 P.2d 487, 489; Blodgett v. B. H. Dyas Co., 4 Cal.2d 511, 512, 50 P.2d 801, 802. Schmoll v. National Shirt Shops, 354 Mo. 1164, 1171, 193 S.W.2d 605, 608, is factually much like the case at bar. The store was entered through what is described as a "lobby entranceway." In the floor of this lobby were set brass letters spelling out the words "National Shirt Shops." It was alleged that these letters had become worn and slick, causing the plaintiff to fall. A substantial verdict in the lower court was reversed by the Missouri Supreme Court. After pointing out that the lettering and its condition were plainly visible to the plaintiff, the court said:

"Plaintiff had as much knowledge of the condition of the brass lettering as had the defendant. * * *

"In this connection, we are treating more directly with the legal duty or basis of liability of defendant than with a question of contributory negligence. Defendant * * * was not subject to liability for injuries resulting from dangers that were obvious * * * ."

The case involved a dangerous condition in an entrance to a store, as does the one presently before us. The only factual difference is that in the Schmoll case knowledge or means of knowledge on the part of the invitee was presumed; in the case at bar it was made a matter of unqualified and uncontradicted evidence by the plaintiff herself. The factual situation is somewhat more adverse to the plaintiff here than in the Schmoll case.

In view of our holding in this division, other propositions for reversal or affirmance argued by the parties are moot.—Affirmed.

HAYS, C. J., and BLISS, GARFIELD, LARSON, PETERSON, SMITH, and WENNERSTRUM, JJ., concur.