EMMA ANDERSON, appellee, v. YOUNKER BROTHERS, INC., appellant.

No. 49330.

(Reported in 89 N.W.2d 858)

924

M<small>AY</small> 6, 1958.

Gilmore, Dull & Keith, of Ottumwa, for appellant.

Barnes, Schlegel & McGiverin and Newton W. Roberts, all of Ottumwa, for appellee.

L<small>ARSON</small>, J.—Plaintiff, an 80-year-old lady, and her sister entered the rear door of defendant's department store in Ottum-

wa early on the afternoon of February 23, 1955. Although she was spry for her age, had good eyesight, did not need to hold onto things to get around, and had on several past occasions entered the store by this entrance, for some unexplained reason she fell while descending two steps leading from the doorway down to the floor level of the store. The rear door opening was 35 inches wide. The steps were wider, being 62 inches wide, with 7-inch risers and treads 11⅜ inches deep. There was no handrail on either side of these extended steps. Plaintiff contended that, as a result of defendant's failure of its duty to provide handrails for these steps, plaintiff fell and sustained serious injuries. She contends such a duty was imposed by common law and also by the provisions of an applicable municipal ordinance. These issues, together with the issue of freedom from contributory negligence, were submitted to the jury, and it returned a verdict in favor of plaintiff for $5149.47. Judgment was entered accordingly.

Defendant appropriately moved for a directed verdict. This motion should have been sustained.

We deem it necessary to consider only the grounds argued in Divisions II and III of appellant's brief and argument. While several errors are listed in each division, it is defendant's position that there was a total lack of evidence of any defendant negligence. It contends that the construction and maintenance of such steps in the retail store was not negligence in and of itself, and that as a matter of law the mere absence of handrails on such steps could not be so designated.

The plaintiff herself did not testify. She was at the time of trial confined to a hospital due to causes not related to this injury. Her evidence consisted of testimony by her sister, Ann Anderson, who preceded her into the store and did not see her fall; by a workman employed in the store shipping room, who picked her up but did not see her fall; by another lady customer, who saw her fall but did not know how she fell or what caused the fall; and by exhibits or photos of the doorway and the steps.

I. The plaintiff was entering the store for the purpose of making a purchase. That she was an invitee of defendant is

not open to question. That the defendant owed her a duty as an invitee to keep its premises in a reasonably safe condition, including means of ingress and egress, cannot be disputed. Atherton v. Hoenig's Grocery, 249 Iowa 50, 53, 86 N.W.2d 252, 254, and cases cited; 65 C. J. S., Negligence, section 48(b), page 538.

The evidence discloses that plaintiff had on several occasions previously entered the store by this entrance, knew that these steps were there, and knew that there were no handrails. From the record we learn there had never been handrails for these steps either before or after their reconstruction in 1949. While the witness entering the door behind her said she saw her fall, she did not know the cause. Whether it was a stumble or a slump, she could not say. It was quite possible that she was jostled or unintentionally pushed, for the evidence discloses that two other persons were trying to enter at the same time. The witness did not see her grab for anything to hold onto, although plaintiff's sister testified plaintiff told her right after the fall, " 'I reached for something to hold onto and fell.' " After the fall plaintiff was found in front of and to the right of the steps. It is plaintiff's contention that there was a dangerous condition existent here due to a 14-inch drop-off at each end of the top step, but we find nothing to indicate that plaintiff moved sideways or ever reached that place, which would be about 13 inches to the right of the aisle or passageway she was transcending. Nevertheless, this condition or hazard had long existed and was evident to all users, including the plaintiff, if in fact it was a hazard to store ingress and egress.

II. The absence of a guard or handrail on a flight of steps in and of itself does not constitute negligence. We said in the case of Reuter v. Iowa Trust & Savings Bank, 244 Iowa 939, 943, 944, 57 N.W.2d 225, 226, that the presence or absence of a railing in a given case is a factor to consider along with all of the other physical factors in determining whether the failure to provide handrails constitutes negligence. We held therein that even though the circumstances disclosed several outside steps covered with ice and snow, the absence of handrails did not constitute negligence and was not, when considered with those other facts, sufficient to warrant submission to a jury of

appellee's failure to exercise ordinary care in making the premises reasonably safe for an invitee.

Here we have only the absence of handrails and a possible 14-inch drop-off on the top step, over a foot to the right and left of the regular path of travel. It is conceded that the lighting was very good and there were no other defects in either the construction or maintenance of the steps. They were clean and dry, with no-slip mats on the main-traveled treads. A cocoa mat was on the floor level.

We reach the conclusion that there were no conditions present which were not clearly visible and of which the plaintiff was unaware, or that were hazardous to her careful use of this entrance. It is further noted she does not claim that she was unaware of the exact situation as she entered into the use of this doorway or that she fell off the open side of these steps. There is no evidence to justify that inference.

III. The rule we approved in the Atherton case, supra, 249 Iowa at page 54, 86 N.W.2d at page 254, is fairly well established in this state, as elsewhere, that there is no liability for injuries from dangers that are obvious, reasonably apparent, or as well known to the persons injured as they are to the owner or occupant of the premises; also that the duty to keep a premise safe for invitees applied only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, that are not known to the invitee and would not be observed by him in the exercise of ordinary care. 38 Am. Jur., Negligence, section 97, pages 757, 758; 65 C. J. S., Negligence, section 50, pages 541, 542. It is said in the latter citation: "The invitee assumes all normal, obvious, or ordinary risks attendant on the use of the premises, and the owner or occupant is under no duty to reconstruct or alter the premises so as to obviate known and obvious dangers." Also see Restatement of Torts, Volume 2, section 343. The application of these rules by this court in Atherton v. Hoenig's Grocery, supra, is, we think, conclusive as to the case at bar insofar as it relates to the claimed liability for failure of a duty toward plaintiff-invitee under the common law. We are satisfied here the record evidence discloses no negligence on behalf of defendant in failing to provide a handrail on these steps or in the construction and maintenance

928

of them for public use. Thus, defendant's motion as it related to this allegation should have been sustained. For other cases involving like holdings by this court, see Shreve v. Edmundson Art Foundation, Inc., 243 Iowa 237, 50 N.W.2d 26; In re Estate of Held, 231 Iowa 85, 300 N.W. 699; Reuter v. Iowa Trust & Savings Bank, supra, 244 Iowa 939, 942, 57 N.W.2d 225, 227; Webber v. E. K. Larimer Hardware Co., 234 Iowa 1381, 1384, 15 N.W.2d 286, 288; Parsons v. H. L. Green Co., 233 Iowa 648, 652, 10 N.W.2d 40, 42; Stafford v. Gowing, 236 Iowa 171, 177, 18 N.W.2d 156, 158.

 It must be remembered that we have been considering only the affirmative duty of the inviter toward the invitee and are not considering contributory negligence or assumption of risk questions. We have been concerned with the duty to disclose the actual condition, and the extent to which one is absolved from liability for negligence when he does so. If the danger or hazard has been disclosed, even though the invitee is injured while carefully proceeding over it, there is no actionable negligence involved. Clearly the duty of the inviter has been discharged in such instances and he cannot then be held for injuries incurred by the invitee due to the alleged faulty or absent facilities. See Beach v. Des Moines, 238 Iowa 312, 325, 26 N.W.2d 81, 93, and cases cited. The reason for this rule is quite clear.

 The possessor of real estate is not an insurer of the safety of those who come upon his premises by invitation express or implied. We said recently: "Negligence is predicated upon an unperformed duty. The duty owed by the inviter is to those, and to those only, who do not know, or, in the exercise of reasonable care for their own safety, have no reasonable means of knowing, of defects or dangers. He may avoid liability in two ways: by making and keeping his lands safe or by warning of the dangers. Obviously, actual knowledge of defects and dangers is equivalent to, perhaps better than, a warning." Atherton v. Hoenig's Grocery, supra, 249 Iowa 50, 55, 86 N.W.2d 252, 255.

Here there was no warning, but knowledge of the existing conditions is not denied by plaintiff. We are inclined to hold that the defendant had made its premises reasonably safe, and find no hazard or danger in the circumstances revealed by the evidence. Still, if it could be said that there was a scintilla or

more of evidence to indicate a danger or hazard, the evidence clearly shows both the plaintiff and her sister, due to frequent visits to the store through that entrance, were well aware of the conditions. No common-law duty to them was, therefore, breached by defendant's maintenance of these steps without handrails.

IV. The discussion heretofore has referred only to a common-law duty. After the trial of this case had begun, plaintiff amended her petition alleging a new ground of negligence based upon an alleged violation of a 1934 Ottumwa city ordinance. The reference was to a city building Code, and specifically to a requirement of handrails on stairs. Defendant's motion to strike the amendment as inapplicable was overruled. Further objections to the introduction of the ordinance into evidence were likewise overruled, and the trial court, under given instructions, submitted the ordinance to the jury as applicable to the issues involved in the case. If the ordinance was inapplicable, these errors certainly would be prejudicial to defendant.

Stated simply, the problem is, Did this ordinance establish a duty in the defendant to erect and maintain handrails on these steps? Plaintiff contends that it did, and defendant contends that it did not. The controversial sections of the ordinance introduced into evidence and read to the jury were the following:

Section 1149, which provides: "No building or structure shall hereafter be constructed, altered, repaired, or removed * * * except in conformity with the provisions of this Chapter."

Section 1150, which provides: "It shall be unlawful to maintain, occupy, or use a building or structure, or part thereof, that has been erected or altered in violation of the provisions of this Chapter."

Section 1251 entitled "Interior Stairways", subsection 1, "Construction", which provides: "(a) Required *stairways* shall be constructed * * *." (Emphasis supplied.) Also subsection 7, "Handrails", which provides: "(a) Except where permitted in aisles, stairs shall have walls, or well secured balustrades, or guards on both sides. (b) Such stairs, when less than forty-four inches in width, shall have handrails on at least one side. (c)

Such stairs when required to be forty-four inches or more in width shall have handrails on both sides. * * *."

A close study of this chapter—closer than was apparently made at the time this case was submitted to the jury—indicates that another section, 1204, not read to the jury, relates to definitions of terms used in the ordinance. It provides: " 'Stairway' means one or more flights of stairs and the necessary landings and platforms connecting them, to form a continuous and uninterrupted passage from one story to another in a building or structure." There is no other definition of steps, stairs or stairways in this Code, and it is defendant's contention that two steps such as are disclosed in this case leading from the exterior door to the floor level of the store cannot be included in the requirement of this ordinance. Under the plain wording of this ordinance and the definition contained therein, there can be no question that they are not included and that the ordinance should not have been submitted to the jury on the question of negligence for failure to provide a handrail on these steps.

In fairness, we note that the attention of the trial court was not called to section 1204 prior to submission. In view of this fact and the court's effort to determine the meaning of section 1251(7) as to one or more steps being "stairs", it naturally referred to several standard dictionary definitions. The well-known general rule is that only in the absence of definitions in a given ordinance or statute itself would such reference to outside definitions be proper. As a result of this oversight and those dictionary definitions, the trial court erroneously concluded and charged the jury that section 1251(7) relating to balustrades, guards or handrails was applicable. It determined that the definition of "stairs" was one or more steps, and advised the jury, in substance, that it might find the failure of defendant to comply with that ordinance to be evidence of negligence which would support a verdict against defendant.

While the city council might have provided for a handrail in the case of such steps as were here involved as a protection against slipping and falling down the steps, it would, we think, be going too far in the process of legal interpretation to hold that the language employed in this ordinance contemplated any such purpose, or that it might be reshaped in its meaning so as

to describe a handrail affixed to two or three steps from the street level to the floor level of the store. This is especially true in light of the clear intention to require balustrades, guards, or handrails on stairs forming "a continuous and uninterrupted passage from one story to another in a building or structure." Clearly, this was the purpose actually described in the ordinance by specific definition, and we are not permitted to expand or extend it. Evidently when considering such guards on stairways, the council was occupied with a different purpose, namely, to aid one in ascending and descending from one floor to another, and nothing is apparent that suggests it was to prevent a fall should one trip or stumble upon an isolated step or steps throughout the structure.

It is well to remember that duties created by ordinance which are in derogation of the common law must be closely scrutinized and strictly construed. We note here that this is a penal ordinance.

As to the general rules of ordinance construction it is stated in 37 Am. Jur., Municipal Corporations, section 188, pages 828, 829:

"Penal ordinances of a municipality are akin to criminal statutes in their nature * * *. The rules applicable to the construction of penal laws apply with equal force to the construction of penal ordinances. Accordingly, penal ordinances, like penal statutes, are usually strictly construed. They are not to be extended by implication, and are limited in their application to cases clearly described by the language employed. * * * The court should look for the reasonable sense of such ordinances.

"Ordinances which are in derogation of the common law, or which are restrictive of rights of owners of private property, have been held to be subject to the rule of strict construction."

This, we think, is the just and sensible rule and must be applied in the case at bar. Obviously, it does not clearly appear that the offered ordinance required handrails for steps of this kind. Thus, the ordinance should not have been admitted into evidence, read to the jury, or instructed upon by the court. Since all of these things were done, and since the jury found there was

negligence arising out of the alleged violation, reversible error resulted.

V. We are satisfied that under the express terms of this ordinance, balustrades, guards and handrails are not required of steps of this nature, but refer only to those flights of stairs from one story to another. While not exactly in point, we recently refused to extend the obvious meaning of stair regulations in a city ordinance to apply to temporary steps on the roof of a hospital from one wing to another. See Jensen v. St. Joseph's Mercy Hospital, 248 Iowa 960, 83 N.W.2d 403. Also see Cahill v. Kleinberg, 233 N. Y. 255, 135 N.E. 323.

Turning now to the Ohio case of Torok v. Stambaugh-Thompson Co., Ohio App., 43 N.E.2d 653, cited by the plaintiff, circumstances surrounding a fall by a store invitee, including an absence of proper handrails, were held sufficient to submit the negligence question to the jury. There the stairway was at a hidden and unexpected place. Under such circumstances we find no fault with that determination. Nevertheless, the Ohio Court of Appeals also found under that record that one handrail as required by statute was shown and that there was insufficient evidence of any other duty to furnish a second handrail, stating the burden was on the plaintiff to prove the facts making such duty evident. The case was reversed on the issue of whether the question of negligence due to the absence of proper handrails should have been submitted to the jury, the court stating the burden to prove such issue on plaintiff was not sustained, and that the testimony tending to show the absence of the handrails was a proximate cause of the injuries did not extend beyond the realm of speculation. To that extent it is authority for our view herein expressed.

In view of our holdings that there was no relevant or competent evidence of defendant negligence, at common law or under ordinance, the defendant's motion for a directed verdict at the close of all evidence should have been sustained and judgment should be entered for it. Other assigned errors relied upon for reversal need not be considered. They are now moot.— Reversed.

PETERSON, C. J., and BLISS, GARFIELD, WENNERSTRUM, HAYS, and THOMPSON, JJ., concur.

SMITH, J., not sitting.