RITA SCHLEISMAN, appellant, v. MR. and MRS. ROBERT DOLEZAL, appellees.

No. 50892.

(Reported in 120 N.W.2d 398)

MARCH 12, 1963.

Wunschel & Schechtman, of Carroll, for appellant.

Edward S. White, of Carroll, for appellees.

MOORE, J.—This is an action to recover damages for injuries sustained when plaintiff fell on the rough snow and ice-covered driveway of defendants' home. After a jury verdict for plaintiff the trial court sustained defendants' motion for judgment notwithstanding the verdict. The court ruled defendants' motion for directed verdict should have been sustained. Plaintiff has appealed.

Plaintiff asserts the trial court erred in ruling there was no jury question on (1) freedom from contributory negligence and (2) defendants' negligence.

Plaintiff and defendants were close friends and neighbors for nine or ten years prior to the morning she fell on defendants' driveway and received serious injury. Plaintiff and her family lived two doors west of defendants' home. They exchanged favors, including plaintiff doing some work around defendants' home and defendants giving plaintiff's children items of wearing apparel. At about 10 a.m., Sunday, November 15, 1959, defendant Mrs. Dolezal asked plaintiff by phone to come over and cut up some pheasants. Plaintiff was injured while returning from defendants' home. Of the existing conditions and her fall, plaintiff testified on direct examination:

"I took my usual route across their driveway to the breezeway and into the back door. I cut up the pheasants and went home. * * * It was cloudy and cold and there was snow on the ground, quite an accumulation. It had snowed within the last

two or three days and the driveway had snow on it and had never been shoveled. It was quite a bit of snow and ice, bumpy and hard. The terrain was uneven and there were car tracks in the driveway on both sides. The defendants have two automobiles and I could see where the cars had gone over the snow.

"I left through the back door, across the breezeway and out to the driveway. I was wearing flat shoes. As I was on the driveway, I started to slide and hit something that kind of stopped me and then I went down. * * *

"At the time of the accident, I was not on the sidewalk in front of the house. I was on the driveway. The sidewalk that leads to the house from the public sidewalk had snow on it. There were footprints on the driveway where people had walked on it. The snow had been there for some time. It was not the custom of the Dolezals to shovel the driveway and not their custom to shovel the sidewalks. The snow on the driveway was icy and not the way it fell and landed on a driveway. I was watching where I was going when I came out. I saw the tire marks. The tracks that stopped my slide were about a foot or two from the west edge of the driveway and continued across and out into the street."

On cross-examination she stated:

"I knew from other observations earlier made and from the observations I made that day as I started into the Dolezal house that cars had gone through the driveway and had made tracks. I don't recall how deep the snow was on the driveway that day, possibly couple of inches. In places it was heavy. It was a couple of snowfalls. I'm sure there was not as much snow on our sidewalk as on the Dolezal driveway. * * * There is a sidewalk provided in the Dolezal property that leads directly from the main walk into the back door and that sidewalk, of course, didn't have any car tracks on it. I never went that way, but there was nothing preventing me from going there or anyplace else. I could have gone that way and if I had there would have been no car tracks there. That was true coming in and going out of the Dolezal house. I never did use that walk and I didn't choose to do so this day and that is true in view of the fact that I knew there were these car tracks and these uneven places in

the driveway. The way I went into the Dolezal house was roughly the same as the way I came out, although not the identical, and the conditions of the way I went in was the same as the way I went out. I was fully aware of it. The driveway does not have a steep decline. I am familiar with it; have been over it many times and it is close to being a level driveway. As I went out in roughly the same way that I went in, I was watching ahead, and when I was about seven feet south of the south edge of the sidewalk and by that I mean the sidewalk that goes through the driveway, I began to slip. One of my feet hit some ridge in the ice or something rough. This caused me to lose my balance and I then fell. * * * I knew before this day and I knew this day as I started out that the area was icy; had snow on it; had tire tracks on it, and all of these were frozen. I never thought of that sidewalk by which I could approach the house and which didn't have this roughness on it caused by tire tracks.

"Q. You did realize that there was all this roughness which did actually cause your injury, on the driveway, didn't you? A. Yes. * * *

"Q. But in any event you did pick the course that you knew was rough and somewhat dangerous, didn't you? A. Yes, I imagine I did. Just force of habit.

"Q. And you had been across it a number of times in the same condition before, I suppose, if they never did anything about picking up the snow at any time? A. Yes, I imagine I was."

The other evidence is not in conflict with plaintiff's testimony as to her status and the condition of the surface of defendants' driveway. It is clear she was an invitee completely aware of the rough snow and icy surface of the driveway prior to her fall. We think plaintiff's second assigned error should first be considered. The trial court's ruling that plaintiff failed to show defendants' negligence is amply supported by the record.

38 Am. Jur., Negligence, section 97, pages 757, 758, states:

"Knowledge of Danger.—The liability of an owner or occupant to an invitee for negligence in failing to render the premises reasonably safe for the invitee, or in failing to warn him of

dangers thereon, must be predicated upon a superior knowledge concerning the dangers of the premises to persons going thereon. It is when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted. * * *

"There is no liability for injuries from dangers that are obvious, reasonably apparent, or as well known to the person injured as they are to the owner or occupant."

65 C. J. S., Negligence, section 50, pages 541–545, states:

"The duty to keep premises safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee, and would not be observed by him in the exercise of ordinary care. The invitee assumes all normal, obvious, or ordinary risks attendant on the use of the premises, and the owner or occupant is under no duty to reconstruct or alter the premises so as to obviate known and obvious dangers. * * *

"The basis of the inviter's liability for injuries sustained by the invitee on the premises rests on the owner's superior knowledge of the danger, and as a general rule he is not liable for an injury to an invitee resulting from a danger which was obvious or should have been observed by the invitee in the exercise of reasonable care, or from a condition which was as well known or as obvious to the invitee as to the inviter, or which the inviter had no reason to believe would not be discovered by the invitee. There is no duty to warn the invitee of any defect or danger which is as well known to the invitee as to the owner or occupant, or which is obvious or which should be observed by the invitee in the exercise of ordinary care."

See also Restatement, Torts, Volume 2, section 343.

We have quoted from and cited with approval the rules laid down by these authorities in many of our opinions including Atherton v. Hoenig's Grocery, 249 Iowa 50, 55, 86 N.W.2d 252, 255, where we said:

■ "The possessor of real estate is not an insurer of the safety of those who come upon his premises by invitation, express or implied. Negligence is predicated upon an unperformed duty. The duty owed by the inviter is to those, and to those only, who

do not know, or, in the exercise of reasonable care for their own safety, have no reasonable means of knowing, of defects or dangers. He may avoid liability in two ways: by making and keeping his lands safe or by warning of the dangers. Obviously, actual knowledge of defects and dangers is equivalent to, perhaps better than, a warning."

The facts in Atherton v. Hoenig's Grocery, supra, are similar to those in the case at bar. It involved a dangerous condition in an entrance to a store. The plaintiff-invitee by her own evidence, as in the case at bar, showed knowledge of the dangerous condition prior to injury. We held the court should have directed a verdict for defendant.

In Anderson v. Younker Brothers, Inc., 249 Iowa 923, 89 N.W.2d 858, plaintiff fell on steps in defendant's store. The evidence showed she had full knowledge of the existing conditions prior to her injury. We held the trial court should have directed a verdict for defendant. At page 928 of 249 Iowa, page 861 of 89 N.W.2d, we said:

"It must be remembered that we have been considering only the affirmative duty of the inviter toward the invitee and are not considering contributory negligence or assumption of risk questions. We have been concerned with the duty to disclose the actual condition, and the extent to which one is absolved from liability for negligence when he does so. If the danger or hazard has been disclosed, even though the invitee is injured while carefully proceeding over it, there is no actionable negligence involved. Clearly the duty of the inviter has been discharged in such instances and he cannot then be held for injuries incurred by the invitee due to the alleged faulty or absent facilities."

For additional authority see Corrigan v. Younker Brothers, Inc., 252 Iowa 1169, 110 N.W.2d 246, and citations; Corkery v. Greenberg, 253 Iowa 846, 114 N.W.2d 327, and citations; Crouch v. Pauley, 254 Iowa 14, 116 N.W.2d 486.

Plaintiff relies heavily on Corkery v. Greenberg, supra, but it is clearly distinguishable on the facts. In the Corkery case plaintiff fell on rough snow and ice in an unlighted parking lot early in the morning while it was still dark. He was not

aware of the dangerous conditions which caused his fall. In the case at bar plaintiff established by her undisputed testimony actual knowledge of the conditions which she claims caused her fall.

We hold there was a failure to establish a jury question on defendants' negligence. It is unnecessary to consider plaintiff's first assignment of error.—Affirmed.

All JUSTICES concur except HAYS, J., not sitting.