Darlene L. NASH and Frank W. Nash, Plaintiffs–Appellees,

v.

Alan R. SCHULTZ and Grace Schultz, Defendants–Appellants.

No. 86–1452.

Court of Appeals of Iowa.

Oct. 28, 1987.

William H. Roemerman of Crawford, Sullivan, Read & Roemerman, Cedar Rapids, for defendants-appellants.

James F. Pickens and Minor Barnes of Pickens, Barnes & Abernathy, Cedar Rapids, for plaintiffs-appellees.

Heard by DONIELSON, P.J., and SCHLEGEL and SACKETT, JJ.

SCHLEGEL, Judge.

Defendants have appealed an adverse jury verdict, adverse rulings on evidence, adverse rulings on instructions, and adverse rulings on posttrial motions. On appeal, defendants contend that: (1) the trial court erred in admitting a municipal nuisance ordinance into evidence; (2) the trial court erred in failing to grant a directed verdict in their favor and in failing to sustain their motion for judgment notwithstanding the verdict; (3) the trial court erred in its jury instructions; and (4) the trial court erred in failing to grant a new trial or a remittitur due to excessive damages awarded by the jury. Our scope of review is for the correction of errors at law. Iowa R.App.P. 4. We affirm.

**I. Background.** Plaintiff Darlene Nash was injured when she tripped and fell over a two-inch thick hose which was lying across the sidewalk in front of the home of defendants, Alan and Grace Schultz. The hose was lying across the sidewalk to permit water from a sump pump in the Schultz basement to drain into the street. There was evidence that the hose was often in the same position and that Darlene Nash had walked over the hose on previous occasions without mishap.

Darlene Nash and her husband filed the present tort suit against the Schultzes. A jury found that the Schultzes were seventy-five percent at fault and that Darlene Nash was twenty-five percent at fault. The jury also found that Darlene Nash had suffered damages of $204,046 and awarded her a verdict for seventy-five percent of that amount. The jury also found that Darlene

Nash's husband had suffered damages of $500 for loss of consortium.

**II. Nuisance Ordinance.** Defendants, on appeal, argue that the trial court erred by admitting into evidence a partial copy of a nuisance ordinance for the town where the accident occurred. The nuisance ordinance was inadmissible, defendants contend, because the evidence did not establish a violation of the ordinance and because the ordinance does not create a standard of care for negligence. We believe that the trial court did not err in admitting the nuisance ordinance.

In their original pleadings, plaintiffs alleged that defendants were liable for damages on two theories: (1) negligence in placing the draining hose across the sidewalk and allowing it to remain there at the time plaintiff fell over it; and (2) in so placing the draining hose across the sidewalk and obstructing traffic thereon, the defendants created, kept, and maintained a nuisance. Plaintiffs submitted proposed jury instructions on both of their theories of recovery. The trial court, however, only instructed the jury on the negligence theory.

We do not believe that the nuisance ordinance was properly admitted on the negligence theory of recovery. Guidance on this issue may be found in the Restatement (Second) of Torts § 288, which the Iowa Supreme Court has indicated its willingness to consider. See Wilson v. Nepstad, 282 N.W.2d 664, 671–72 (Iowa 1979). Section 288 provides as follows:

The court will not adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively

(a) to protect the interests of the state or any subdivision of it as such, or

(b) to secure to individuals the enjoyment of rights or privileges to which they are entitled only as members of the public, or

(c) to impose upon the actor the performance of a service which the state or

any subdivision of it undertakes to give the public, or....

Restatement (Second) of Torts § 288 (1965). A nuisance ordinance, such as the one at issue in this case, falls within the coverage of subsection (b). The authors of the Restatement (Second) expounded upon this subsection in the comment which followed:

c. Other legislative enactments and regulations are intended only for the purpose of securing to individuals the enjoyment of rights and privileges to which they are entitled as members of the public, rather than for the purpose of protecting any individual from harm. Thus a statute may be intended only to secure the public right of unobstructed passage on the public highway, or freedom from excessive noise or immoral conduct in the community. Under some circumstances, where an individual has been interfered with in his exercise of such a public right, and as a result has suffered special harm, distinct from that suffered by the rest of the community, he may be entitled to maintain a tort action for the violation. See, as to public nuisances, §§ 821 B and 821 C. In the ordinary case, however, harm suffered by such an individual is not within the purpose of the provision, and the statute or regulation will not be taken to lay down a standard of conduct with respect to such harm.

Restatement (Second) of Torts § 288 comment c (1965). Additionally, the authors of the Restatement (Second) provided an illustration which lends guidance to us in this case:

Illustrations:

3. A municipal ordinance, which prohibits the washing of vehicles on the public highway, is construed as intended only to expedite travel. In violation of the ordinance, A washes his van on the street. The water collects in a puddle, which freezes. B slips on the ice and breaks his leg. The ordinance does not provide a standard of conduct for the protection of B from such harm.

Restatement (Second) of Torts § 288 comment c, illustration 1 (1965). Section 288(b) of the Restatement (Second) will apply unless the purpose of the ordinance is to benefit an identifiable, special group of persons. See Wilson, 282 N.W.2d at 671–72. The nuisance ordinance at issue here was designed to secure rights and privileges for the public at large. Therefore, following the Restatement (Second), we believe the ordinance was not meant to serve as the standard of care of a reasonable person and any violation of it is of no evidential value on the question of negligence. See 57 Am.Jur.2d Negligence § 256 (1971). Thus, we hold that the nuisance ordinance was inadmissible on the negligence theory of recovery.

■ The Iowa Supreme Court has recognized that an action for personal injuries may be brought on a nuisance theory. See Claude v. Weaver Constr. Co., 261 Iowa 1225, 1229, 158 N.W.2d 139, 143 (1968). Under this theory, when the public nuisance causes personal injury to the plaintiff, the injured party may recover damages based on the existence of the nuisance. See Restatement (Second) of Torts § 821C and comment d, illustration 2 (1979). As noted earlier, plaintiffs raised nuisance as a theory of recovery at the trial level. We therefore hold that the ordinance was admissible on such a theory. In conclusion, although the nuisance ordinance was inadmissible on a negligence theory, it was properly admitted on the nuisance theory of recovery.

■ III. Directed Verdict and Judgment Notwithstanding the Verdict. Defendants further contend that the trial court erred in failing to grant a directed verdict in their favor and erred in failing to sustain their motion for judgment notwithstanding the verdict. To grant a directed verdict, a trial court must find that the evidence, when considered in the light most favorable to the opposing party, is insufficient as a matter of law to sustain the allegations brought. See Swift v. Petersen, 240 Iowa 715, 721–22, 37 N.W.2d 258, 261 (1949). For the court to grant a judgment notwithstanding the verdict, the standard is whether the evidence, taken in the light most favorable to the resisting party,

244

showed that the movant was entitled to a directed verdict at the close of all evidence. *See Suss v. Schammel*, 375 N.W.2d 252, 255 (Iowa 1985). Having reviewed the evidence in the light most favorable to plaintiffs, we believe that the evidence was sufficient to warrant submitting the case to the jury. This is not a case where the evidence all points in one direction or is not in material conflict on the issues involved. Thus, the trial court was correct in denying defendants' motions for directed verdict and judgment notwithstanding the verdict.

**IV. Jury Instructions.** Defendants also argue that the trial court erred in failing to submit the following jury instruction:

> An owner or occupant of property is not liable to persons coming on to the property for injuries from dangers that are obvious, reasonably apparent, or well known to the person injured. The duty of an owner or occupant to keep the property safe applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like that are not known to the person coming on to the property and would not be observed by her in the exercise of ordinary care.

The main authority which defendants have relied on for this proposed instruction is *Atherton v. Hoenig's Grocery*, 249 Iowa 50, 86 N.W.2d 252 (1957). Although *Atherton* has not been overruled, it has been qualified. In *Hanson v. Town & Country Shopping Center, Inc.*, 259 Iowa 542, 549, 144 N.W.2d 870, 875 (1966) the Iowa Supreme Court, relying on section 343A of the Restatement (Second) of Torts, stated:

> While ordinarily a possessor of real estate would not be liable (or would not reasonably anticipate an unreasonable risk of harm to an invitee from an open or obvious defect), negligence may exist even though a defect is, in fact, open and obvious where the circumstances are such that there is reason to believe it would not be discovered or become obvious to the invitee or the risk of harm involved would not be anticipated or appreciated by the invitee. In such circumstances there may be generated a jury

question as to whether the premises are reasonably safe.

Because of this qualification to the rule established in *Atherton,* we believe that the trial court was correct in not submitting defendants' *Atherton*-based instruction.

Defendants further contend that the trial court erred in giving a jury instruction stating that, as a specification of negligence, defendants failed to "warn the plaintiff Darlene L. Nash of the hazardous condition which they created and maintained across their sidewalk." We hold that such an instruction was not improper to submit. This holding is based on the view set forth as follows in comment f to section 343A of the Restatement (Second) of Torts:

> f. There are, however, cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger. In such cases the possessor is not relieved of the duty of reasonable care which he owes to the invitee for his protection. This duty may require him to *warn* the invitee, or to take other reasonable steps to protect him, against the known or obvious condition or activity, if the possessor has reason to expect that the invitee will nevertheless suffer physical harm. (Emphasis added.)

Restatement (Second) of Torts § 343A comment f (1965).

**V. Damages.** Defendants' final argument on appeal is that the trial court erred in failing to grant a new trial, or in the alternative a remittitur, due to the excessive damages awarded by the jury. Specifically, defendants argue that since the figures provided in plaintiff's answers to interrogatories (submitted one year before trial) dealing with losses and expenses claimed were exceeded by the jury's verdict, the verdict is excessive. Defendants' interrogatory asked plaintiff, in part, to "[g]ive an exact account of all loss and expense incurred as a result of the alleged incident, stating:

* * *

(b) those losses and expenses which are attributable to loss of wages, both past and future."

Plaintiff's answer to this question was as follows:

(b) Plaintiff Darlene Nash past loss of time claim from May 15, 1984 through March 31, 1985 at a rate of $1,495.58 per month gross. Impairment of future earning capacity is undetermined as of this time. Total $15,797.50 to date.

We hold that the jury's damages awarded were not excessive and therefore, the trial court did not err in refusing to grant a new trial. We have no reason to believe that in answering the interrogatory one year before trial, plaintiff was providing less than all information she knew at that time. Rather, it appears that plaintiff answered the question to the best of her ability. The answer provided points out that the figure listed is only "to date." Thus, plaintiff's answer cannot be construed as a limitation on the amount of recovery she may get.

We affirm.

AFFIRMED.

SNELL, J., takes no part.