## HERMAN TAUBERT v. CITY OF ST. PAUL.[1]

June 15, 1897.

Nos. 10,557—(130).

**Municipal Corporation—Obstruction of Water Course—Liability.**

Within the city of St. Paul, and on the premises of the plaintiff, is a natural water course, used by him in the tanning business. The city graded a public street, which adjoins his premises, and in doing so erected a large, solid embankment across this water course, except that it built a wood culvert under the embankment, and across said street, for the purpose of carrying off said water. By reason of an unusually heavy rain storm this culvert was unable to carry off the large volume of water which there accumulated, and it flowed back upon and damaged the plaintiff's personal property situated in his tannery. Plaintiff brought an action against the defendant to recover damages for such injury, and the facts proven warranted the court in giving to the jury, as part of its charge, the defendant's request, as follows: "The city of St. Paul cannot be held liable in this case unless the damage complained of was caused by a lack of reasonable care or skill on its part. It was not an insurer of the sufficiency of the means adopted to carry off the water of the creek. It was not absolutely bound to provide an adequate outlet for this water. If it employed competent engineers or other agents to construct the work, and they, in the exercise of an honest judgment, constructed a box of such capacity that they were reasonably justified in believing, and did believe, in view of all the circumstances, it would be sufficient to carry off this water, the city would not be liable, although it did, on the occasion when plaintiff's premises were flooded, prove insufficient. Nor was it required to anticipate extraordinary and unusual storms, which would not be expected to occur in view of the past history of the country." The court refused to give this request. *Held* error.

Appeal by defendant from a judgment entered in the district court for Ramsey county, Egan, J., after a verdict for plaintiff for $2341.50, and from an order denying its motion for a new trial. Reversed.

*James E. Markham* and *Hermon W. Phillips*, for appellant.
*George C. Lambert*, for respondent.

[1] Reported in 71 N. W. 664.

BUCK, J. Within the city of St. Paul, and on the premises of plaintiff, is a natural water course, which he used in carrying on his tannery business. Adjoining his premises is a public street, which the city graded, and in doing so erected a large, solid embankment across this water course, except that it built a wooden culvert under said embankment, and across said street, at its intersection with said water course, for the purpose of carrying off said water. During an unusually heavy rain storm this culvert was unable to carry off the large volume of water which there accumulated, and it flowed back upon and damaged the plaintiff's personal property in his tannery. In an action brought by plaintiff against the defendant city to recover damages for such injury, the facts proven warranted the court in giving the following request to the jury in behalf of the city, which it asked the court to give, viz.:

"The city of St. Paul cannot be held liable in this case unless the damage complained of was caused by a lack of reasonable care or skill on its part. It was not an insurer of the sufficiency of the means adopted to carry off the water of the creek. It was not absolutely bound to provide an adequate outlet for this water. If it employed competent engineers or other agents to construct the work, and they, in the exercise of an honest judgment, constructed a box of such capacity that they were reasonably justified in believing, and did believe, in view of all the circumstances, it would be sufficient to carry off this water, the city would not be liable, although it did, on the occasion when plaintiff's premises were flooded, prove insufficient. Nor was it required to anticipate extraordinary and unusual storms, which would not be expected to occur in view of the past history of the country."

The court refused to give such request, and the jury found a verdict in favor of the plaintiff for the sum of $2,341.50. Defendant moved for a new trial, which was denied, and it brings this appeal.

The request was in nearly the identical language used by this court as sound law in the case of McClure v. City, 28 Minn. 186, 9 N. W. 767, and it was error in the court not to have given it. To some extent the request was covered in the general charge of the court, but omitted as to some of the other vital matters therein, and the whole charge was given in a manner so disjointed and confused as to mislead rather than enlighten the jury upon the matter submitted for their consideration.

Therefore the order denying the defendant's motion for a new trial, and the judgment, are reversed.