McCORMICK HARVESTING MACHINE COMPANY v. JOHN VOLKERT.[1]

December 3, 1900.

Nos. 12,173—(42).

**Sale—Return of Machine—Charge to Jury.**

In an action to recover the purchase price of a harvester, *held*, that a requested instruction as to the defendant's right to return the harvester was correct, and was not covered by the general charge, within the rule that it is not error to refuse a requested instruction which is clearly and specifically covered by the general instructions of the court.

Appeal by defendant from an order of the district court for Dakota county, Crosby, J., denying a motion for a new trial. Reversed.

*Brown, Reed, Merrill & Buffington,* for appellant.

*Hodgson, Crosby & Lowell,* for respondent.

START, C. J.

This action was brought to recover $120 and interest, the purchase price of a harvester and binder sold and delivered by plaintiff to the defendant. The answer admitted the sale, but alleged, in substance and legal effect, that the machine was warranted, and

[1] Reported in 84 N. W. 325.

that in case it did not fulfil the conditions of the warranty the defendant had a right to return it; that it did not comply with the warranty, and he returned it accordingly.    The reply admitted that the machine was warranted, but put in issue the other allegations of the answer.    Trial and verdict for the defendant, and plaintiff appealed from an order denying its motion for a new trial.

The undisputed evidence shows: That the machine was sold to defendant by plaintiff's agent, Mr. Engel, at Hastings, in 1898, and was warranted

"To be well made, of good material, and durable with proper care; and if, upon one day's trial, the machine should not work well, the purchaser shall give immediate notice to said McCormick Harvesting Machine Company, or their agent, and allow them to send a person to put it in order.    If it then cannot be made to work well, the purchaser shall return it to the agent of whom he received it, and all cash and notes received in settlement will be refunded."

The defendant took the machine to his farm, some nine miles from Hastings, and used it more or less during the harvesting season of 1898, but it did not, as he claimed, work well.    Thereupon it was mutually agreed between the parties that the sale and warranty should be extended, and should be in force for the harvesting season of 1899.    The parties, however, disagree in some particulars as to what was done as to the machine in 1899.

The evidence on the part of the defendant tended to show: That he tried the machine at the commencement of the harvest of 1899 for not more than one day, and could not make it work, and thereupon he caused notice to be given to Mr. Engel, as provided in the warranty, and that he sent an expert to put it in order.    That the defendant then tried the machine, and it would not do good work, and he went to Hastings and saw the agent, Mr. Engel, at about five o'clock in the afternoon, and told him that the machine missed bundles and clogged, and, if he did not send a man out to fix it that same afternoon, he would return it to him.    On the next morning, about seven o'clock, he started with the machine for Hastings, but met, a short distance from his farm, an expert sent by Mr. Engel to fix the machine, who requested the defendant to give him an opportunity to put it in order.    This the defendant refused, and con-

tinued on his way to Hastings, where he left the machine. The evidence on the part of plaintiff tended to show that when the defendant was ready to begin the harvest of 1899 the plaintiff's agent was to send an expert to put the machine in order and start it; that the defendant notified the agent that he was ready to start cutting his grain, and that the agent did send an expert, who put it in order and started it; that the defendant gave no other notice as to the machine until five o'clock of the afternoon before he returned it, when he notified the agent as stated by him.

There is no substantial dispute in the evidence as to this last notice or that an expert was sent to attend to the machine, and met the defendant at seven o'clock the next morning near the defendant's farm, and demanded an opportunity to make the machine work, which was refused.

It is apparent from a reading of the warranty that, if the machine did not work well after one day's trial, the plaintiff was entitled to notice, and a reasonable opportunity to put it in order, before the defendant would have a right to return it. Hence, if the facts were as the plaintiff claimed them, no notice was given after one day's trial, except the one given on the afternoon before the machine was returned; and, if the latter was the only notice given by defendant after one day's trial, the plaintiff was entitled to a reasonable time and opportunity to get an expert to the machine and put it in order and make it work, before defendant could return it. On the other hand, if the first notice was given in accordance with the warranty, and after one day's trial of the machine, as the defendant claimed, and the plaintiff thereafter attempted to remedy its defects, but failed, the defendant was not bound to give any other notice, and had a right to return the machine if it did not comply with the warranty. Hence one of the vital issues in the case was whether the first notice was given, as plaintiff's evidence tended to show, before a trial of the machine, and, if so, whether the plaintiff had a reasonable opportunity to fix it after the second notice was given. The plaintiff, with reference to this issue, requested the trial court to give to the jury this instruction:

"If you find that the defendant first notified the agent, Engel, in

1899, that he was about to start his machine, and that in response to such notice a man was sent out by the plaintiff to assist in starting the machine, and that thereafter the machine did not work well, and the defendant notified the agent, Engel, of that fact, and requested him to send an expert to fix it, he was bound to allow the plaintiff a reasonable length of time to get the expert out to his farm, and give him a reasonable opportunity to fix the machine."

The court refused to give this request, and the plaintiff duly excepted. Clearly, the plaintiff was entitled to have this request given, or its fair equivalent. This is substantially conceded by the defendant, but it is claimed on his behalf that the requested instruction was fully covered by the general charge, which was this:

"It is claimed on the part of the defendant (and I believe there is no contradiction about that) that prior to the harvest season of 1899 the defendant   *   *   *   notified the agent of the plaintiff that he was about to commence his harvest, and asked him to send a man out to put the machine in condition; that a man went out in pursuance of that request, and tried to put it in condition.   So far as that is concerned, it was ready to go into the field.   Now, did it work well after that?   *   *   *   If not, did Mr. Volkert notify Mr. Engel of that fact after he had tried the machine one day, and did a man sent out by Mr. Engel, as agent of the plaintiff, go out and attempt to remedy the defects, and, after doing so, did the machine then work well,—do good work?   If it did not, Mr. Volkert had the right, under the warranty, to return the machine, and the plaintiff cannot recover for it.   One notice is sufficient.   After that first notice was given, the plaintiff had a reasonable time to put the machine in condition to work.   If the defendant returned the machine before the plaintiff had a reasonable time to put it in condition so that it would do good work, then Mr. Volkert returned it before he had a right to return it under the contract, and the plaintiff is entitled to recover in this action."

Manifestly, this is not the equivalent of the request, within the rule that it is not error to refuse to give a requested instruction which is clearly and specifically covered by the general charge. This is apparent from our statement of the trend of the evidence and the claims of the respective parties.   Neither party claimed that more than one notice was given prior to the one given on the afternoon before the machine was returned, or that more than two notices were given at any time, or that the expert actually tried to remedy the defects in the machine more than once.   The issue be-

tween them was whether the notice and the repair by the expert were before or after one day's trial. The charge is not clear on this point. On the contrary, it is misleading; for it seems to assume, or at least to submit to the jury the question whether notice, exclusive of that given on the afternoon before the machine was returned, was given both before and after one day's trial of it, and an actual attempt made to remedy the defects both before and after such trial. The requested instruction was clear and concise, and it was error to refuse it.

Order reversed, and a new trial granted.