# MINNIE C. HUBBARD v. MONTGOMERY WARD & COMPANY, INC.[1]

December 28, 1945.

No. 34,091.

[1]Reported in 21 N. W. (2d) 229.

*B. D. Grogan* and *Doherty, Rumble, Butler, Sullivan & Mitchell,* for appellant.

*C. A. Johnson* and *Gallagher, Farrish & Sheran,* for respondent.

LORING, CHIEF JUSTICE.

This was an action for personal injuries sustained by plaintiff when she fell on the floor in defendant's store. Defendant appeals from an order denying its motion for judgment notwithstanding a verdict for plaintiff or a new trial.

Plaintiff fell while shopping in defendant's store. She asserts, and so testified, that the floor was negligently permitted to be in a slippery, greasy, wet condition, by reason of which she slipped and fell, sustaining a broken arm and a fractured hip. Defendant contended that plaintiff was knocked down by another customer, that it was not negligent in the maintenance of its floors, and also that plaintiff was guilty of contributory negligence.

Plaintiff, in the company of two friends, rode the store elevator to the second floor, where plaintiff and her woman companion went to the rug department. The third member of the group went in the opposite direction to attend to some business of his own. Presently he joined them, and they all started to walk toward the elevator. Plaintiff testified that in so proceeding toward the elevator she slipped and fell. A witness for defendant testified that a man bumped into plaintiff and knocked her down. Plaintiff lay on the floor until an employe summoned help from the medical department, and a nurse employed by defendant came to the scene of the accident. With the assistance of one or two other persons, she lifted plaintiff into a wheel chair and conveyed her to what defendant called the "medical department." A doctor was summoned, and he made arrangements for plaintiff to be admitted to Midway Hospital in St. Paul, where she was hospitalized for some weeks.

Plaintiff testified that the floor where she fell was covered with linoleum, that it was greasy and wet, and littered with peanut shells, cigarette stumps, gum wrappers, etc. On plaintiff's behalf,

an expert witness testified as to the effect of wax and sweeping compounds used on linoleums—that they close the pores in the linoleum and tend to make floors more slippery. After this testimony was in, defendant's attorney moved to strike it "upon the ground it is immaterial and no foundation laid, and no suggestion or connection between the condition of the floor at Montgomery Ward and the description which he has given in reference to floors in general." The trial court denied the motion, and its action in so doing is assigned as error. Defendant also questions the sufficiency of the evidence to support the verdict and challenges a ruling denying a requested instruction.

■ The testimony sought to be stricken was not objected to prior to its reception. In such case, whether it should be stricken or allowed to stand is a matter largely within the discretion of the trial court. 6 Dunnell, Dig. & Supp. § 9746, and cases under note 84. Whether in this case there was an abuse of discretion we need not determine, since a new trial must be granted on another ground.

■ Plaintiff's testimony is the only evidence supporting her version of how the misfortune befell her. Defendant's witnesses included various persons who were employes at the time of the accident and one person whose only connection with defendant was through her daughter, who was employed there. The latter is the only one who testified to having actually seen plaintiff fall. She testified that an unknown man bumped plaintiff and knocked her down. Defendant's employes testified that while plaintiff was waiting for the doctor she told them that someone had bumped her. Plaintiff admits making such a statement but testified that she did so only because she needed help and thought that such a statement would bring quicker and kinder action. She testified that she was very much worried and upset at the time she made the statement. It was for the jury to determine what happened, and we cannot say as a matter of law that they were not justified in accepting plaintiff's version of how the accident occurred or as to the condition of the floor.

Defendant asserts that there is no evidence that it had notice of the hazardous condition of its floor so that a duty arose to remedy the situation. It relies on Penny v. Sears Roebuck & Co. 193 Minn. 65, 258 N. W. 522, where the plaintiff slipped on a green bean pod in the aisle of defendant's grocery department. The trial court directed a verdict for defendant. The decision was affirmed on appeal, this court saying in part that, if there were bean pods on the floor (193 Minn. 68, 258 N. W. 523), "their presence had not remained long enough to charge the grocery company with negligence for failure to discover and remove them." In that case, defendant proved that its entire premises available to the public were swept morning and evening, that the company had a rule requiring employes to pick up debris from the floor during the day, and that this rule was strictly complied with. In the case at bar, defendant showed that it retained a porter engaged exclusively in keeping its aisles clean. The scope of his activity took in the entire second floor of defendant's store, which comprises an area approximating two city blocks in size. There is no showing when the porter had last swept the spot where plaintiff fell nor how often it was customarily swept.

What constitutes a reasonable time that refuse may lie about before a store owner may be charged with negligence for failure to discover and remove it necessarily depends upon the facts in each case. Pertinent features to be considered are the nature of the business, the size of the store, the number of customers, the nature of the dangerous substance, and its location. Penny v. Sears Roebuck & Co. *supra;* Langley v. F. W. Woolworth Co. 47 R. I. 165, 131 A. 194; Gorman v. Simon Brahm's Sons, Inc. 298 Pa. 142, 148 A. 40.

At least one other witness testified that he had seen defendant's store in a similar condition many times. Where the presence of refuse matter is not a chance occurrence but a repeated condition, so that defendant is or should be aware of it, his failure to take proper precautions may justify a finding of negligence. Markman

v. Fred P. Bell Stores Co. 285 Pa. 378, 132 A. 178, 43 A. L. R. 862; Gorman v. Simon Brahm's Sons, Inc. 298 Pa. 142, 148 A. 40.

Whether there is sufficient evidence to support the verdict on the basis of the present state of the record, we do not determine. Whether or not there is such evidence, the plaintiff should be given an opportunity to present her case on another trial, and judgment should not be ordered against her. Preveden v. Metropolitan L. Ins. Co. 200 Minn. 523, 524, 274 N. W. 685.

■ Defendant's last assignment of error is that the court erred in its instructions to the jury. The court charged generally on the questions of negligence, proximate cause, and burden of proof. It did not specifically charge that defendant's negligence in this case must be predicated upon notice of the dangerous substances allowed to accumulate on its floor. It is true that, absent any evidence from which such notice could be found, plaintiff would have no case. The rule is that a store owner is not an insurer of his customers' safety, that plaintiff must prove negligence, and that negligence depends upon notice, actual or constructive, to defendant of such a hazard as that here involved and its failure to do anything about it. Here, defendant duly requested a specific instruction as to notice, noted an exception, and assigned error on the court's refusal to give it. The request was in accord with the law, and it was prejudicial error for the court to refuse it. Counsel urges that the substance of this request was implied in the general charge, but the jury is not presumed to know all the elements that may enter into the law of negligence as it may apply to specific situations, such as the requirement of notice in a situation like that presented in the case at bar. Taubert v. City of St. Paul, 68 Minn. 519, 71 N. W. 664; McCormick Harvesting Machine Co. v. Volkert, 81 Minn. 434, 84 N. W. 325.

Order reversed.