# ERNEST J. MESSNER v. RED OWL STORES, INC.[1]

February 13, 1953.

No. 36,029.

[content redacted]

---

[1]Reported in 57 N. W. (2d) 659.

412

*Naughtin & Henley* and *Fred J. Hughes,* for appellant.

*Lewis, Hammer, Heaney, Weyl & Halvorson,* for respondent.

CHRISTIANSON, JUSTICE.

On July 9, 1951, at about 1:15 in the afternoon, plaintiff, Sarah Messner,[2] a woman 79 years of age, fell and was injured while shopping in a self-service grocery store in Hibbing operated by defendant, Red Owl Stores, Inc. She fell in front of the meat counter, which is located toward the front of the store on the right-hand side as one looks toward the rear. There is a fruit and produce department next to the meat counter on the same side of the store toward the rear. The remainder of the store is divided into several aisles, along which the products are displayed on counters and shelves. Plaintiff's sister was with her when she fell. There were a number of people in the store at the time, and many of them came over to plaintiff after she fell.

Plaintiff instituted action against defendant to recover damages for her injuries, alleging that she slipped on a banana peel which was negligently placed, or permitted to remain, on the floor of defendant's store by its employes. One of defendant's employes testified that she heard plaintiff fall and ran to the spot to see what had happened; that she picked up "a few" banana peels which were strewn about the floor; and that the banana peels were "kind of shriveled up and dark brown." Except for some hearsay testimony received without objection to the effect that plaintiff had slipped on a banana peel, this was the only evidence relating to the banana peels. The jury returned a verdict in plaintiff's favor for $8,500. Upon motion of defendant, the trial court granted judgment notwithstanding the verdict on the grounds that the court should have

---

[2] By order of the district court entered May 17, 1952, Ernest J. Messner, administrator of the estate of Sarah Messner, deceased, was substituted as plaintiff.

directed a verdict for defendant at the close of the evidence and that the evidence as a matter of law fails to show that plaintiff's injuries were caused by defendant's negligence. Plaintiff appeals from the judgment for defendant entered pursuant to the court's order.

The rule of liability of a shopkeeper to his customers is well settled. He must maintain his premises in reasonably safe condition for the use of all persons expressly or impliedly invited to enter. Lincoln v. Cambridge-Radisson Co. 235 Minn. 20, 49 N. W. (2d) 1; Schrader v. Kriesel, 232 Minn. 238, 45 N. W. (2d) 395; Ober v. The Golden Rule, 146 Minn. 347, 178 N. W. 586; Albachten v. The Golden Rule, 135 Minn. 381, 160 N. W. 1012. Unless the dangerous condition in the instant case resulted from acts of defendant's employes, defendant would be negligent only if its employes failed to rectify the dangerous condition after they knew, or in the exercise of reasonable care should have known, that the condition existed. Hubbard v. Montgomery Ward & Co. Inc. 221 Minn. 133, 21 N. W. (2d) 229.

There was no direct evidence as to how the banana peels came to be on the floor, and there was nothing to indicate that the floor was not otherwise clean at the time and place plaintiff fell. From the number, condition, and location of the banana peels, plaintiff argues that it is more probable that the banana peels came to be on the floor through the act of defendant's agents than through other means. We cannot agree. There was no evidence that defendant even sold or handled bananas in its store during the time in question. Under the evidence submitted, a finding that defendant's employes deposited the banana peels on the floor, in our opinion, would be too speculative and conjectural to be sustained.

There was no evidence whatever that any of defendant's employes had actual knowledge of the presence of the banana peels on the floor. Plaintiff argues, however, that the fact that the banana peels were "kind of shriveled up and dark brown" permits an inference that they must have remained on the floor long enough to charge defendant with constructive notice of their presence. This court has never considered this precise question. Although plain-

tiff has cited cases from other jurisdictions which support the proposition that the damaged condition of a banana peel or other similar item of fruit may be the basis for finding the length of time it has remained on a floor,[3] no cases have been found which uphold a finding of constructive notice on so slight evidence of condition as the statement in the instant case that the banana peels were "kind of shriveled up and dark brown." The courts of other jurisdictions uniformly have held that the natural deteriorated condition *alone* of a banana peel or similar item of fruit is not sufficient evidence that it has been on a floor long enough to charge a defendant with constructive notice of its presence.[4] In our opinion this conclusion is in accord with sound principle where, as here, there is no evidence that the banana peel or other item of fruit was in any different condition when it was deposited on the floor. For all that appears from the evidence in the instant case, the banana peels could have been deposited on the floor by some other customer just before plaintiff fell. Since there is nothing in the evidence to indicate that the banana peels in question had been walked upon, were pressed down, dirty, or torn or that there were any marks on either the banana peels or the floor, the cases of Morris v. King Cole Stores, Inc. 132 Conn. 489, 45 A. (2d) 710; Anjou v. Boston Elev. Ry. Co. 208 Mass.

---

[3]Morris v. King Cole Stores, Inc. 132 Conn. 489, 45 A. (2d) 710 (a lot of crushed strawberries and lettuce which were dirty and looked as though they had been stepped on before); Anjou v. Boston Elev. Ry. Co. 208 Mass. 273, 94 N. E. 386 (banana peel described as "black, flattened out and gritty," as if "trampled over a good deal," and "felt dry and gritty as if there were dirt upon it"); Scaccia v. Boston Elev. Ry. Co. 317 Mass. 245, 57 N. E. (2d) 761 (banana peel described as "all black, all pressed down, dirty, covered with sand and gravel, dry, and gritty looking").

[4]F. W. Woolworth Co. v. Ney, 239 Ala. 233, 194 So. 667 (real dark brown banana peel); Powell v. L. Feibleman & Co. Inc. (La. App.) 187 So. 130 (discolored banana peel with dark spots); Newell v. Wm. Filene's Sons Co. 296 Mass. 489, 6 N. E. (2d) 820 (half an orange); O'Neill v. Boston Elev. Ry. Co. 248 Mass. 362, 142 N. E. 904 (black apple core); State ex rel. Trading Post Co. v. Shain, 342 Mo. 588, 116 S. W. (2d) 99 (bruised and darkened lettuce leaves and celery stalk); Safeway Stores, Inc. v. Miller (Tex. Civ. App.) 110 S. W. (2d) 927 (banana or banana peeling).

273, 94 N. E. 386; and Scaccia v. Boston Elev. Ry. Co. 317 Mass. 245, 57 N. E. (2d) 761, are distinguishable on their facts from the instant case.

The accident and resulting injury to plaintiff were most unfortunate, but we are bound by the rules governing burden of proof. Defendant is not an insurer of its customer's safety—its liability depends upon negligence. Hubbard v. Montgomery Ward & Co. Inc. 221 Minn. 133, 21 N. W. (2d) 229; Johnson v. Evanski, 221 Minn. 323, 22 N. W. (2d) 213. Plaintiff had the burden of proving either that defendant caused the dangerous condition or that it knew, or should have known, that the condition existed. The evidence submitted, when viewed in the light most favorable to plaintiff, fails to sustain that burden. Cf. Penny v. Sears Roebuck & Co. 193 Minn. 65, 258 N. W. 522.

It follows that the trial court properly granted defendant's motion for judgment notwithstanding the verdict and that the judgment for defendant should be affirmed.

Affirmed.

MR. JUSTICE ROGER L. DELL, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.