SANDRA SAARI v. S. S. KRESGE COMPANY.

101 N. W. (2d) 427.

February 5, 1960—No. 37,786.

*Dygert & Gunn,* for appellant.

*Carroll, Thorson, Anderson & Cronan* and *Herbert C. Davis,* for respondent.

MAGNEY, COMMISSIONER.

Plaintiff appeals from an order granting judgment notwithstanding the verdict.

Defendant, S. S. Kresge Company, operates a large store in the city of Minneapolis. On January 16, 1956, plaintiff, Sandra Saari, was its customer. As she was proceeding down the stairway leading from the main floor to the basement, she fell and was injured. She claims that negligence on the part of defendant was the cause of her fall.

From a landing near the lower part of the main stairway a 3-step stairway leads off to the right to the basement floor, the landing being considered the first step. Two wooden handrails extend down this 3-step stairway. These handrails do not run at right angles with the treads of the stairway but angle off at about 45 degrees, i. e., the distance between them widens as one descends the stairway. Each handrail ends at a newel post on the floor of the basement. The middle and lowest steps have straight front edges but curve as they pass under the handrails.

On the day in question, at about 12:30 p. m., plaintiff and a companion were descending this 3-step stairway. She claims that, as she was walking about midway between the handrails, her right foot caught on the second step, causing her to fall to the basement floor. She claims that she tried to grab a handrail but was not able to reach it. She claims that upon investigation a few minutes later she found gum about the size of a 25- or 50-cent piece stuck to the heel of her

overshoe and saw similar evidence of gum on the middle step of the stairway. As far as the evidence shows, no one at the store knew of the happening of the accident.

Plaintiff claims that defendant was negligent in two respects: (.1) By permitting the gum to be on the second step of the stairway, it failed to maintain its premises in a reasonably safe condition; and (2) by failing to provide a handrail down the center of the 3-step stairway, it violated provisions of the ordinances of the city of Minneapolis.

Defendant had no actual knowledge of any gum being on the stairway. The question then remains whether the evidence is such that a jury could find that defendant had constructive notice of its presence. We are presuming, and it may be too strong a presumption, that actual or constructive notice of gum on the stairway in the amount indicated by plaintiff's testimony would justify a jury in finding defendant guilty of negligence in this respect.

Defendant employed a maintenance man, Merrill Anderson, whose duty was to inspect the floors and stairways and remove any gum, ice cream, or other refuse which may have been dropped by customers or others. He was instructed to remove gum from the floor as soon as he saw it. He was equipped with a broom, a dustpan, and a putty knife, the latter to be used in removing gum which stuck to the floor or stairways. With the exception of the noon hour—12 to 1 o'clock—from the time the store opened at 9 a.m. until 3:30 p.m., when his day's work was done, Anderson would inspect the floors and stairways at least once an hour. On some of these trips he would find gum and on others he would not. Occasionally he would have to remove gum with the putty knife. It was his practice to inspect the stairways just prior to leaving for lunch to see that no refuse had been dropped on them. Other employees testified that they had observed Anderson performing his duties regularly. They also testified that gum would be found on the floor only occasionally.

■ Plaintiff contends that defendant failed to take proper precautions for her protection. This court has often stated that a shopkeeper has the duty to keep and maintain his business premises in a reason-

ably safe condition for use of all whom he expressly or impliedly invites to enter. He is liable only for injuries resulting from his negligence and is not an insurer of the safety of the customer.[1]

■ Defendant would be negligent only if its employees failed to rectify the dangerous condition after they knew, or, in the exercise of reasonable care, should have known, that the condition existed.[2] Negligence depends upon notice, actual or constructive, to defendant of such a hazard as that involved and its failure to do anything about it.

■ Plaintiff argues that from the dirty appearance of the gum it must have remained on the stairway long enough to charge defendant with constructive notice of its presence. The evidence shows that between 2,400 and 3,200 persons go down the stairways to the basement every day, most using the flight of stairs here involved. In a store with such a large traffic up and down its stairway, the wad of gum undoubtedly would be flattened out and discolored within very few minutes, if not seconds. It proves very little, if anything, as to the length of time the gum had been on the stairway. The outdoor weather was nasty, and the stairway slushy and wet. The fact that the gum stuck to plaintiff's overshoe would seem to argue that the gum had not been on the stairway very long. Plaintiff had the burden of proving that the condition had existed for such a length of time as to constitute constructive notice. She failed in her proof.

■ Minneapolis City Charter and Ordinances (Perm. ed.) 1:1-604.1 provides:

"* * * Hand rails shall be provided on both sides of all stairs three feet six inches (3' 6") or more in width in all buildings except single family dwellings."

---

[1]Albachten v. The Golden Rule, 135 Minn. 381, 160 N. W. 1012; Ober v. The Golden Rule, 146 Minn. 347, 178 N. W. 586; Schrader v. Kriesel, 232 Minn. 238, 45 N. W. (2d) 395; Lincoln v. Cambridge-Radisson Co. 235 Minn. 20, 49 N. W. (2d) 1; Messner v. Red Owl Stores, Inc. 238 Minn. 411, 57 N. W. (2d) 659.

[2]Penny v. Sears Roebuck & Co. 193 Minn. 65, 258 N. W. 522; Hubbard v. Montgomery Ward & Co. Inc. 221 Minn. 133, 21 N. W. (2d) 229; Messner v. Red Owl Stores, Inc. 238 Minn. 411, 57 N. W. (2d) 659.

Although the handrails on the stairway in question were not at right angles with the treads, being farther apart at the bottom step than at the top, they complied with the ordinance requiring handrails on both sides.

Plaintiff contends that defendant was also negligent in failing to provide a handrail down the center of the 3-step stairway. Ordinance 1:1-604.6 provides:

"* * * in every seven (7) foot stair there shall be a hand rail down the center in addition to the two (2) side hand rails."

The width of a stairway must be considered the distance between either walls or handrails on its sides—that part of the stairway that is open to the use of persons ascending or descending the stairway.

The distance between the centers of the newel posts at the lower end of the handrails on the basement floor is 7 feet 2 inches. If this latter measurement is to be taken as the distance between the side handrails of the stairway, as is plaintiff's contention, it would be more than 7 feet, if the rails on top of the newel posts were less than 2 inches wide. The newel posts, however, are not on the stairway. The distance between the newel posts and the edge of the lowest tread of the stairway is several inches, and, at the point where the handrails pass over the edge of the lowest step, the distance between the handrails is considerably less than 7 feet. The stairway is therefore less than 7 feet wide, and the center-handrail requirement applies only to 7-foot stairways.

Ordinance 1:1-604.1 requires a 3-foot-6-inch space between the centers of handrails. In the stairway in question, the distance between the newel posts from center to center at the upper end of the handrails on the sides of the stairway is only 44 inches, and the widest part of the stairway between the side handrails is considerably less than 7 feet. Not only does the ordinance not require a center handrail under the circumstances, but a center handrail would be an impractical installation.

From the above it follows that the trial court properly granted defendant's motion for judgment notwithstanding the verdict.

Order affirmed.