**Hilma NELSON, Plaintiff,**

v.

**MONTGOMERY WARD & COMPANY,**
**Inc., an Illinois Corporation,**
**Defendant.**

**No. 3–59 Civ. 56.**

United States District Court
D. Minnesota,
Third Division.

June 2, 1960.

W. D. Flaskamp of Meagher, Geer, Markham & Anderson, Minneapolis, Minn., for plaintiff.

Joseph M. Finley of Doherty, Rumble & Butler, Saint Paul, Minn., for defendant.

DONOVAN, District Judge.

In this diversity action to recover damages for personal injuries, plaintiff prevailed by return of a verdict on April 8, 1960 in the sum of $5,537.50.

Defendant at a special term of this Court in St. Paul, Minnesota, moved in the alternative for judgment notwithstanding the verdict or for a new trial on the following grounds:

1. The verdict is against the weight of the evidence;

2. The verdict is contrary to law; and

3. Errors assigned.

The facts are relatively simple. Plaintiff, 74 years of age, was on the premises of defendant, as a customer and invitee, on September 22, 1958. This much is admitted in paragraph two of defendant's answer.

The factual dispute is centered on the cause of the accident met with by plaintiff as such invitee on said date.

The record in plaintiff's case as to cause is as follows:

"Q. And do you know where you were walking in relation to your daughter-in-law, Pauline Nelson? A. Well, I maybe was a little bit in front of her, because we turned out from the store, or where the sewing machines was.

"Q. And just tell us what happened just before your fall? A. Well, my right foot seemed to stick

and my left foot went forward on me and I fell backward.

"Q. And when you fell backward did you fall to the floor? A. Yes, I fell on my left side, or hip.

"Q. On your left side, or hip? A. Yes.

"Q. Now, when you were down on the floor there, Mrs. Nelson, did you have an opportunity to look around you to see what had caused your fall? A. No, because it hurt so I couldn't even think."

Plaintiff was immediately attended by defendant's registered nurse, who took her to an infirmary by wheel chair and rendered first aid.

Plaintiff was then taken by ambulance to Northwestern Hospital in Minneapolis when it was determined by physical examination and X-rays that she had a comminuted fracture of the left hip. An operation was performed for replacement of said hip by an artificial device. She was discharged from the hospital on October 17, 1958.

The injury sustained is permanent.

Plaintiff contends her fall was caused by a sticky substance negligently left on the floor by defendant.

Defendant contends the verdict is based on conjecture in that plaintiff and defendant are incapable of producing evidence that gum was on the floor at the time and place in question. Further that plaintiff's witnesses as to the cause, rely on observations made at a period of time too remote from the date of injury to have probative force.

Assuming the record supports actual or constructive notice on the part of the defendant that a sticky condition existed at the site of accident and described as "dirt, dust and black splotches" by plaintiff's companion at the time of accident, is this and the happening of the accident sufficient to warrant a finding that defendant was guilty of negligence?

■ It has long been the law of Minnesota "that a shopkeeper has the duty to keep and maintain his business premises in a reasonably safe condition for use of all whom he expressly or impliedly invites to enter. He is liable only for injuries resulting from his negligence."

Factually, the instant case borders too closely on inferring negligence from inferred facts. Defendant is not an insurer of an invitee's safety.[1]

■ Upon a retrial it is permissable to make cause somewhat more clear in its relationship to negligence as the proximate cause, on the part of the defendant.[2] Of course one need not look for danger when there is no reason to apprehend danger on the premises in question.[3] Clearly defendant was not entitled to a directed verdict.[4]

■■ Suffice to say defendant would be negligent if its officers, agents and employees failed to rectify a dangerous condition on the premises that in the exercise of reasonable care they should have known to exist.[5] Constructive notice thereof by defendant will satisfy legal requirements.[6]

The cases cited by plaintiff [7] have been considered.

1. Saari v. S. S. Kresge Co., Minn., 101 N.W. 2d 427, 429; Stofer v. Montgomery Ward & Co., Inc., 8 Cir., 249 F.2d 285; Mageau v. Great Northern Ry. Co., 103 Minn. 375, 119 N.W. 200.

2. Altrichter v. Shell Oil Co., 8 Cir., 263 F.2d 377, 380, affirming D.C., 170 F. Supp. 851.

3. Stofer v. Montgomery Ward & Co., Inc., supra, 249 F.2d at page 291.

4. Hastings v. F. W. Woolworth Co., Inc., 189 Minn. 523, 250 N.W. 362; Ford Motor Co. v. Zahn, 8 Cir., 265 F.2d 729.

5. Penny et al. v. Sears, Roebuck & Co. et al., 193 Minn. 65, 258 N.W. 522; Hubbard v. Montgomery Ward & Co., Inc., 221 Minn. 133, 21 N.W.2d 229.

6. Altrichter v. Shell Oil Co., D.C.Minn., 161 F.Supp. 46.

7. Ford Motor Co. v. Zahn, supra; O'Connor v. J. C. Penney Co., 211 Minn. 602, 2 N.W.2d 419; Lyon v. Dr. Scholl's Foot Comfort Shops, Inc. et al., 251 Minn. 285, 87 N.W.2d 651; Driscoll v. Bob Wallace Mercantile Co., 197 Minn. 313, 266 N.W. 879; Saari v. S. S. Kresge Co., supra; Hubbard v. Montgomery Ward & Co., supra.

A motion for new trial should be considered cautiously and granted only in furtherance of substantial justice.

The weight of the evidence is such as to require the exercise of the Court's sound discretion.

Defendant's motion for judgment is denied.

Defendant's motion for a new trial is granted.

It is so ordered.