Norma **BARKDOLL**, Plaintiff,

v.

**SEARS, ROEBUCK AND CO.**, a corporation, Defendant.

Civ. No. 3-64-126.

United States District Court
D. Minnesota,
Third Division.

Dec. 4, 1964.

Schway & Gotlieb, by Jerome A. Gotlieb, St. Paul, Minn., for plaintiff.

Bowen, Bowen, Preus, Farrell & Adams, by Robert E. Bowen, Minneapolis, Minn., for defendant.

DONOVAN, District Judge.

Plaintiff had a verdict for $4,000.00 in this diversity action commenced and tried to the Court and jury to recover damages attributed to defendant's negligence.

Plaintiff's evidence was directed at plaintiff's falling on steps upon defendant's premises.

Defendant has moved in the alternative for judgment notwithstanding the verdict or for a new trial. The grounds relied on by movant are these:

1. The verdict is contrary to the evidence.

2. The verdict is contrary to law.

3. Errors assigned.

1. Is the verdict contrary to the evidence?

The facts in evidence disclose that plaintiff was 48 years of age and was on the premises of defendant as an invitee. Plaintiff testified she was using the steps located on said premises

and that due to the presence of rocks or debris of some sort thereon, she fell and injured her left knee causing pain, suffering, and loss of sleep. Defendant's manager did all that could be done immediately following the accident to render aid and assistance to plaintiff.

Plaintiff's medical testimony supported plaintiff's claim as to the effect of the injury met with; describing evidence of injury to plaintiff's left knee such as discoloration, discomfort, and diagnosed as contusion and injury to the left knee, possibly a torn ligament or slipped cartilage, for the cure of which an operation on the knee was recommended but not performed up to time of trial. Plaintiff's expert medical testimony supports plaintiff's claim of causal connection between the accident and injury.

Defendant contends the verdict for plaintiff is opposed to the weight and sufficiency of the evidence. It must be assumed, however, that the jury resolved all conflicts in the evidence in favor of plaintiff's jury verdict.[1]

The instant case was submitted to the jury on the Minnesota law of negligence, contributory negligence, and proximate cause.

2. Is the verdict contrary to law?

■■ It has long been the law of Minnesota that while defendant was not an insurer of plaintiff's safety, it nonetheless had the duty to keep and maintain its premises as a shopkeeper in a reasonably safe condition for the use of all whom the shopkeeper expressly or impliedly invites to enter thereon or therein.[2]

In my opinion the verdict is sustained by law.

3. Did the Court err in its rulings?

■■■ It is elementary that the trial court is allowed considerable latitude in the language used in instructing the jury. All that is required is that the charge as a whole conveys to the jury a clear and correct understanding of the law. Every imaginable misapprehension need not be guarded against. The important thing is to fairly state the law applicable to the case. A motion for a new trial should, under circumstances most favorable to movant, be considered cautiously, and if and when granted it should only be in furtherance of substantial justice. Counsel were apprised of the Court's rulings and the contents of the Court's proposed charge.

In my opinion the record of the instant case discloses freedom from prejudicial error.[3]

Following a full and fair trial such as had in the case at bar, the type of motion here involved should be thoroughly and cautiously considered and granted only in furtherance of substantial justice.

The motion for judgment notwithstanding the verdict is denied.

The motion for a new trial is denied.

It is so ordered.

Defendant may have an exception.

---

1. Mounds Park Hospital v. Von Eye, 8 Cir., 245 F.2d 756, 759, 70 A.L.R.2d 335; Railway Express Agency, Inc. v. Mackay, 8 Cir., 181 F.2d 257, 259, 19 A.L.R.2d 1248; Lyon v. Dr. Scholl's Foot Comfort Shops, Inc., 251 Minn. 285, 87 N.W.2d 651, 654; Dahling v. Dammann, 251 Minn. 171, 87 N.W.2d 25, 30.

2. Nelson v. Montgomery Ward & Company, D.C.Minn., 183 F.Supp. 845; Hubbard v. Montgomery Ward & Co. Inc., 221 Minn. 133, 21 N.W.2d 229; Penny v. Sears Roebuck & Co., 193 Minn. 65, 258 N.W. 522.

3. The Court has not overlooked the cases cited by defendant, as follows: Saari v. S. S. Kresge Co., 257 Minn. 290, 101 N.W.2d 427; McDonough v. Newmans Cloak & Suit Co., 247 Minn. 250, 77 N.W.2d 59, 61 A.L.R.2d 100; Messner v. Red Owl Stores, Inc., 238 Minn. 411, 57 N.W.2d 659; Penny v. Sears Roebuck & Co., supra note 2.