**SEARS, ROEBUCK & CO., a Corporation, Appellant,**

v.

**Norma BARKDOLL, Appellee.**

**No. 17997.**

United States Court of Appeals Eighth Circuit.

Dec. 2, 1965.

Robert E. Bowen, of Bowen, Preus, Farrell & Adams, Minneapolis, Minn., for appellant.

Jerome A. Gotlieb, of Schway & Gotlieb, St. Paul, Minn., for appellee.

**102**

Before VAN OOSTERHOUT, MATTHES and MEHAFFY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

This is an action by plaintiff Norma Barkdoll to recover for personal injuries sustained as a result of a fall while climbing the two steps leading to the entrance of defendant's store in White Bear Lake, Minnesota. Liability is predicated upon negligence. Jurisdiction, based upon diversity of citizenship, is established.

The jury returned a verdict for the plaintiff. Defendant made timely motions for a directed verdict and for judgment n. o. v. upon the ground, among others, that the plaintiff has failed to make a prima facie case of negligence on the part of defendant. Such motions were overruled. While other errors were urged in a motion for new trial, the only error asserted upon this appeal is the court's failure to sustain defendant's motions for directed verdict and judgment n. o. v.

■ Minnesota law is controlling in this case. It is undisputed that plaintiff is a business invitee of defendant. As to such invitee, defendant is under legal obligation to keep and maintain its premises in a reasonably safe condition. Defendant is not an insurer of the safety of its customers but is required to exercise ordinary care for their safety. Norman v. Tradehome Shoe Stores, Inc., Minn., 132 N.W.2d 745, 748.

Plaintiff's testimony is that her fall was caused by stepping on some foreign substance on the steps which "felt like rocks." Plaintiff at no time saw the substance causing her fall nor was the alleged object seen or identified by any witness. Defendant's store manager, who inspected the steps immediately after the accident, testified the steps were perfectly clear. There is no testimony to the contrary.

■ The principal thrust of defendant's argument is that if it be assumed that the fall was caused by a rock or other foreign object upon the steps, there is no evidence whatsoever that such object was on the steps for sufficient time prior to the accident to charge the defendant with constructive notice of its presence. No evidence has been offered to show that any of the defendant's employees had any part in dropping or placing the rock or other foreign substance on the steps. Where defendant and its employees have not caused the dangerous condition, the Minnesota court has consistently held that the burden is upon the injured party to establish that the operator of the premises had actual knowledge of the defect or that the defect had existed for a sufficient period of time to charge the operator with knowledge of its presence. Norman v. Tradehome Shoe Stores, Inc., supra; Saari v. S. S. Kresge Co., 257 Minn. 290, 101 N.W.2d 427; Messner v. Red Owl Stores, 238 Minn. 411, 57 N.W.2d 659; Penny v. Sears, Roebuck & Co., 193 Minn. 65, 258 N.W. 522.

The facts in such cases are closely analogous to the situation here presented. In each of such cases, the Minnesota Supreme Court affirmed directed verdicts in favor of the defendant.

Hubbard v. Montgomery Ward & Co., 221 Minn. 133, 21 N.W.2d 229, and Nelson v. Montgomery Ward & Co., D.C. Minn., 183 F.Supp. 845, relied upon by the plaintiff, are factually distinguishable from the cases cited immediately hereinabove. In Hubbard, plaintiff secured a verdict. The judgment was reversed for error in the instructions. On the issue we are here considering, the Minnesota Supreme Court cited the Penny case with approval and stated that it necessarily depends on the facts of each case whether an owner may be charged with negligence for failure to discover and remove refuse lying about its business premises within a reasonable period of time. However, the state court specifically disclaimed passing upon the sufficiency of the evidence to support the verdict in the Hubbard case. 21 N.W.2d at 231.

In Nelson, a diversity case tried to a federal court, judgment was entered for

the plaintiff. Motion for judgment n. o. v. was denied but a new trial was granted. The facts on the constructive notice issue are not set out but the court in its opinion assumes that the record supports actual or constructive notice on the part of the defendant.

If there is in fact any inconsistency between the cases relied upon by the respective parties, the later decisions of the Minnesota Supreme Court in Saari and Norman are controlling. Said cases on the constructive notice issue are clearly parallel to the factual situation in our present case.

In the instant case, the precise object which caused the fall was not seen or described by any witness. There is no evidence to support any inference as to how long the foreign object was on the steps before the accident. There is no proof that defendant was generally careless in permitting debris to accumulate. On the contrary, there is testimony that the steps were swept daily and that the manager and other employees as they passed over the steps from time to time made it a practice to remove any litter that might have accumulated.

In Norman, the accident was caused by a piece of tissue paper on the floor. In finding as a matter of law that no constructive notice was established, the court states:

> "Merely establishing that the tissue paper was on defendant's floor near plaintiff's right foot after she fell cannot of itself establish defendant's negligence. The paper may have blown into the store through an open door as other customers walked in or as plaintiff walked in, or it may have been dropped by another customer or thrown on the floor seconds prior to plaintiff's mishap. It may have attached itself to Mrs. Norman's shoe as she walked from another store to defendant's store. Any number of possibilities can be suggested, but it is obvious that plaintiffs did not sustain their burden of producing the required proof that defendant's negligence

was the proximate cause of the accident and the resulting injury." 132 N.W.2d 745, 750–751.

What is there said with respect to the tissue paper on the floor is applicable to the rock or gravel here involved. The record is completely devoid of evidence to support a finding that the rock or other foreign object, if on the steps at all, was there for any appreciable period of time sufficient to charge the defendant with knowledge of its presence.

The court erred in overruling defendant's motion for judgment n. o. v. Reversed and remanded.