*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0182**

Julie Strelow, et al.,
Appellants,

vs.

Winona Steamboat Days Festival Association,
Respondent.

**Filed September 21, 2015
Affirmed
Hudson, Judge**

Winona County District Court
File No. 85-CV-13-2677

Charles A. Bird, Andrea B. Niesen, Bird, Jacobsen & Stevens, P.C., Rochester, Minnesota (for appellants)

Theodore J. Waldeck, Waldeck Law Firm, P.A., Minneapolis, Minnesota (for respondent)

Considered and decided by Hudson, Presiding Judge; Bjorkman, Judge; and Toussaint, Judge.[*]

**U N P U B L I S H E D   O P I N I O N**

**HUDSON**, Judge

Appellants challenge the district court's summary-judgment dismissal of a negligence claim arising from a fall at respondent's event, based on failure to show a

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

material factual issue on whether the fall was caused by electrical cords on the ground at the event. Because summary judgment may be sustained on the ground that appellants failed to provide evidence that respondent had actual or constructive knowledge of the cords, and because respondent owed no duty to protect or warn based on any other dangerous condition, we affirm.

## FACTS

Appellant Julie Strelow (Strelow) was injured while running to catch a Frisbee thrown from the stage at the 2012 Steamboat Days Festival, which was organized by respondent Winona Steamboat Days Festival Association. Strelow and her husband, appellant Duane Strelow, filed a negligence action against respondent, alleging that she tripped on electrical cords running across the event grounds. They sought damages based on respondent's claimed failure to maintain a safe area and to warn of a hazardous condition on the property. Respondent denied the allegations and moved for summary judgment, alleging that no evidence existed of a dangerous condition caused by Steamboat; that any dangerous condition was open and obvious as a matter of law; that it owed no duty to appellants because it had no actual or constructive knowledge of such a condition; and that their claims were barred by primary assumption of the risk.

Strelow's injury occurred at about 9:30 p.m. in the beverage garden, which is located in a fenced-in area on a paved parking lot in a Winona riverfront park. The area is bounded by railroad tracks on the south side and a curbed sidewalk with streetlights and trees on the north side, nearest the Mississippi River. In 2012, the beverage garden contained (1) a beer tent on the west side of the lot; (2) a stage for bands in the center,

2

south area; (3) a sound booth for the bands in the center, north area; and (4) a single food truck on the east side.

When Strelow arrived with her husband about 9:15 p.m., she sat at a picnic table slightly to the east of the sound booth. After her husband went to get her a soda, the band went on break, and representatives from a Winona radio station began tossing t-shirts and Frisbees from the stage; the Frisbees had tickets to the Minnesota Zoo taped to them. Strelow testified at a deposition that she gestured as if she wanted to catch a Frisbee, and a person onstage threw one towards her, but it veered off course. She took about four to six steps diagonally and slightly backwards, with her arm in the air, trying to catch it. But she fell, rolled against a curb, and fractured her shoulder.

Strelow stated that she fell after tripping on electrical cords, which she felt move slightly as she touched them wearing open-toed shoes. She stated that the cords were "black, rubbery," and "bigger than extension cords." She did not know if they were connected to anything, did not see them before she fell, and had not previously walked in the area. She was unable to locate any witnesses to her fall. At her deposition, Strelow drew a rough map of the area where she fell, placing the cords in the northeast portion of the beverage garden, running to the east of the picnic table.[1]

Duane Strelow stated in a deposition that he was walking back to the picnic table when he saw three or four uncovered black cords running from the food truck behind the

---

[1] The presence and location of two other electrical cords—a covered cord connecting the sound booth with the stage and a cord connecting the stage to a token booth on the southeast side of the lot—are undisputed and not relevant to this appeal.

picnic table. He drew a line on his wife's deposition map, placing the cords in a somewhat different area than she did, extending from the southeast corner of the beverage garden to the sidewalk on the north side. He stated that he did not see his wife fall and did not know for sure if the cords he saw were those that she claims she tripped over. He stated that, after she fell, he may have seen cords plugged into a power pole, but he was not certain, and he could not recall whether he saw a pole on the north side when he viewed the scene a week later.

The band provided its own sound system. Two Steamboat volunteers stated in depositions that the only electrical power to the beverage garden was supplied from the south side of the lot and that the food truck, the only vendor in the beverage garden, had its own generator. An electrician stated that his company provided no cords or cables but did provide electrical receptacles in two locations on the south side, and that to his knowledge, no service existed on the north side.

After a hearing, the district court granted respondent's motion for summary judgment. The district court concluded that appellants failed to establish a prima facie case of negligence because no evidence was presented that any cords ran over the blacktop in the beverage garden at the location of Strelow's fall. The district court did not address respondent's alternative grounds for summary judgment. The district court also denied appellants' subsequent motion for amended findings, concluding that the

4

issue of causation rested solely on appellants' own allegations and was insufficient to preclude summary judgment. This appeal follows.[2]

# DECISION

Summary judgment is proper if, based on the entire record before the court, there are no genuine issues of material fact and a party is entitled to judgment as a matter of law. Minn. R. Civ. P. 56.03. "We review a district court's grant of summary judgment de novo to determine whether any genuine issue of material fact exists and whether the district court erred in applying the law." *Larson v. Nw. Mut. Life Ins. Co.*, 855 N.W.2d 293, 299 (Minn. 2014). In so doing, this court views the evidence in a light most favorable to the nonmoving party. *Valspar Refinish, Inc. v. Gaylord's, Inc.*, 764 N.W.2d 359, 364 (Minn. 2009). Summary judgment is inappropriate if reasonable persons, after reviewing the evidence, might reach different conclusions. *Jonathan v. Kvall*, 403 N.W.2d 256, 259 (Minn. App. 1987), *review denied* (Minn. May 20, 1987). But the moving party "is entitled to summary judgment as a matter of law when the record reflects a complete lack of proof on an essential element of the [nonmoving party's] claim." *Lubbers v. Anderson*, 539 N.W.2d 398, 401 (Minn. 1995). This court may affirm summary judgment "if it can be sustained on any ground." *Winkler v. Magnuson*, 539 N.W.2d 821, 828 (Minn. App. 1995), *review denied* (Minn. Feb. 13, 1996).

---

[2] Although the district court initially ordered the dismissal of appellants' claims without prejudice, this court has issued an order construing the judgment as dismissing the matter with prejudice.

"To recover on a claim of negligence, a plaintiff must prove: (1) the existence of a duty of care; (2) a breach of that duty; (3) an injury; and (4) that the breach of the duty was a proximate cause of the injury." *Doe 169 v. Brandon*, 845 N.W.2d 174, 177 (Minn. 2014). The existence of a legal duty presents a question of law, which this court reviews de novo. *Gilbertson v. Leininger*, 599 N.W.2d 127, 130 (Minn. 1999). In the absence of a legal duty, a negligence claim fails. *Id.* at 130-31.

A property owner has a duty to use reasonable care to prevent persons from being injured by conditions on the property if those conditions present a foreseeable risk of injury. *Hanson v. Christensen*, 275 Minn. 204, 212, 145 N.W.2d 868, 873-74 (1966). But even though landowners owe persons a duty to keep and maintain their premises in a reasonably safe condition, they are not insurers of safety. *Wolvert v. Gustafson*, 275 Minn. 239, 241, 146 N.W.2d 172, 173 (1966). Unless the dangerous condition resulted from the direct actions of a landowner or his or her employees, a negligence theory of recovery is appropriate only when the landowner had actual or constructive knowledge of the dangerous condition. *Messner v. Red Owl Stores*, 238 Minn. 411, 413, 57 N.W.2d 659, 661 (Minn. 1953). To prevail on a negligence claim, the plaintiff has "the burden of proving either that defendant caused the dangerous condition or that it knew, or should have known, that the condition existed." *Id.* at 415, 57 N.W.2d at 662.

Constructive knowledge of a hazardous condition may be established based on evidence that the condition was present for a period of time so as to constitute constructive notice of the hazard. *Anderson v. St. Thomas More Newman Ctr.*, 287 Minn. 251, 253, 178 N.W.2d 242, 243-44 (1970). But speculation on the cause or duration of a

dangerous condition is insufficient evidence of negligence to withstand summary judgment against the claim. *Rinn v. Minn. State Agric. Soc'y*, 611 N.W.2d 361, 365 (Minn. App. 2000).

In her deposition, Strelow provided direct evidence that she tripped and fell over cords that were located in the beverage garden. We disagree with the district court's conclusion that this evidence was insufficient to present a genuine issue of material fact on whether her injury was caused by cords at that location. But in order to withstand summary judgment, Strelow was also required to produce credible evidence tending to show either that respondent caused the cords to be placed where she fell, or knew or should have known about the existence of the cords. *See Kowalske v. Armour & Co.*, 300 Minn. 301, 309, 220 N.W.2d 268, 273 (Minn. 1974) (stating that there "must be some credible evidence from which an inference of negligence is permissible"), *overruled in part on other grounds by Ruberg v. Skelly Oil Co.*, 297 N.W.2d 746 (Minn. 1980). Here, Strelow produced no evidence that any employee or agent of respondent knew that cords existed in the location of her fall. She produced no evidence as to how long the cords had been there or who placed them there. And she offered only speculation to support her theory that the cords could have connected the food truck in the beverage garden to an electrical outlet that could have been located on the north side of the area.[3]

---

[3] Because Strelow presented only conjecture that an outlet might have existed on the north side of the beverage garden, we need not address her additional argument that respondents breached a statutory duty to properly inspect electrical equipment at that location.

"[W]hen the nonmoving party bears the burden of proof on an element essential to the nonmoving party's case, the nonmoving party must make a showing sufficient to establish that essential element." *DLH, Inc. v. Russ*, 566 N.W.2d 60, 71 (Minn. 1997). Based on the record evidence, we conclude that, when viewed in the light most favorable to appellants, the evidence is insufficient to show that respondent had either actual or constructive notice of the electrical cords at the location of her fall. *See, e.g.*, *Rinn*, 611 N.W.2d at 365 (affirming summary judgment on negligence claim based on plaintiff's injury from slipping in puddle at horse show, when plaintiff did not present any evidence showing what caused the puddle, what the liquid was, or that any staff had notice of it); *cf. Messner,* 238 Minn. at 413-15, 57 N.W.2d at 661-62 (concluding that a grant of judgment notwithstanding the verdict was proper where there was no direct evidence as to how a banana peel causing a fall came to be on the floor, or how long it had been there). Therefore, respondent owed no duty as a matter of law to warn or protect Strelow from an injury relating to the cords and, on that basis, we affirm the district court's grant of summary judgment in favor of respondent.

Appellants argue alternatively that, even if no electrical cords existed where she fell, respondent "was negligent in allowing its sponsor to toss Frisbees into the audience standing in the parking lot surrounded by numerous trip hazards (including the parking lot curb and the feet of other invitees) at dusk." Because appellants did not argue this theory before the district court, and the district court did not consider it, we need not

8

address it on appeal.[4] *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (holding that an appellate court need not address arguments not raised before, and considered by, the district court).

Notwithstanding that the argument is waived, we note that appellants provide no legal authority for imposing a duty on respondent, other than premises liability based on a dangerous condition on the land. *See Olmanson v. LeSueur Cnty.*, 693 N.W.2d 876, 881 (Minn. 2005) (discussing premises liability). "'A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.'" *Id.* (quoting Restatement (Second) of Torts § 343A, subsection 1 (1965)). Whether a condition is a known or obvious danger, and whether a landowner could anticipate that danger, generally present factual issues. *Id.* But we have concluded in some situations that as a matter of law, a landowner or possessor was not expected to anticipate that an obvious danger would cause harm to an invitee. *See, e.g.*, *Sperr v. Ramsey Cnty.*, 429 N.W.2d 315, 317-18 (Minn. App. 1988) (holding that a tree branch was obvious, and a possessor could not foresee that a person would injure himself by running into it), *review denied* (Minn. Nov. 23, 1988); *Lawrence v. Hollerich*, 394 N.W.2d 853, 856 (Minn. App. 1986) (affirming summary judgment, concluding that the possessor had no duty to warn of a downward-sloping yard when the

---

[4] Although appellants argued at the summary-judgment hearing that the Frisbee throwing distracted Strelow from viewing the cords on the ground, they did not argue that respondent was negligent based on any action independent of the cords' existence.

only hazard, the steepness of the slope, was obvious), *review denied* (Minn. Dec. 17, 1986).

Here, apart from the existence of the cords, appellants have alleged no hidden hazards that would have made the beverage garden more dangerous than it otherwise appeared. The activities occurring were obvious; Strelow was aware that Frisbees were being thrown in a crowded parking lot at dusk. And appellants have failed to produce evidence that respondent should reasonably have foreseen that these conditions, even if hazardous, might cause Strelow injury. Therefore, as a matter of law, respondent owed no duty to protect or warn against those conditions.

**Affirmed.**